LDA

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KEIPLER, AS EXECUTOR OF THE ESTATE OF BEVERLY KIEPLER
Plaintiffs

v.

ROLAND W. BURT, Jr.
Defendant

CA 06 394 T

C.A. No. ______________

## COMPLAINT

Plaintiffs, Bank of America, N.A., Judith A. Lawton, Janice Leffingwell, Joan Grant, and John Kiepler, as Executor of the estate of Beverly Kiepler, by their respective undersigned attorneys, bring this Complaint for declaratory judgment and injunctive relief against Roland W. Burt, Jr. and, as cause for its complaint, allege as follows:

## PARTIES

1. Plaintiff Bank of America, N.A. (the "Bank") is a national bank, established by charter from the government of the United States of America, with a principal place of business in Charlotte, North Carolina and is therefore a citizen of North Carolina pursuant to 28 U.S.C. 1348. (*Wachovia Bank, N.A. v. Schmidt*, 126 S. Ct. 941 (2006)). Bank of America is the successor Executor of the Estate of Magda L. Burt, an estate subject to the jurisdiction of the Probate Court of the City of Warwick, Rhode Island.

2. Plaintiff Judith A. Lawton is a citizen of the state of Florida and is one of 10 residuary legatees ("Beneficiaries") of the Estate of Magda L. Burt.

3. Plaintiff, Janice Leffingwell is a citizen of the Commonwealth of Massachusetts and one of 10 Beneficiaries of the Estate of Magda L. Burt

4. Plaintiff, Joan Grant is a citizen of the Commonwealth of Massachusetts and one of 10 Beneficiaries of the Estate of Magda L. Burt

5. Plaintiff, John Keipler, as executor of the Estate of Beverly J. Keipler, is a citizen of the Commonwealth of Massachusetts and one of 10 Beneficiaries of the Estate of Magda L. Burt.

6. Defendant Roland W. Burt, Jr. ("Mr. Burt") is a citizen of the state of Rhode Island and is one of the Beneficiaries of the Estate of Magda L. Burt.

## NATURE OF ACTION AND JURISIDICTION

7. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, and for injunctive relief, arising out of Mr. Burt's breach of the agreed terms of a Consent Order entered in the Probate Court of the City of Warwick on April 6, 2006. Jurisdiction is founded upon diversity of citizenship and the amount of the matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

## FACTS GIVING RISE TO THE CLAIMS

8. For a number of years, litigation has existed in the Rhode Island state courts and, more recently, the United States District Court of the District of Rhode Island, relating to the Estate of Magda L. Burt and the sale of certain stock of the Nyman Manufacturing Company, held by the Estate and sold in 1995.

9. This litigation has consisted of numerous lawsuits, brought by the Beneficiaries either individually or in small groups, in the Superior Courts for Providence and

Kent Counties, all proceeding simultaneously. In addition, Plaintiff Judith A. Lawton, has an action pending in United States District Court for the District of Rhode Island, styled, Judith A. Lawton v. Bank of America Corp. and Robert B. Gates, as Co-Executors of the Estate of Magda Burt, C.A. No. KC 05—CV-00503-S-DLM.

10. Keipler v. Bank of America, C.A. No. 98-337, is one such case that was proceeding in Kent County Superior Court. As a result of cross motions for summary judgment, it became apparent that, unless the Bank resigned as Executor, it would be necessary to have a trial on the issue of removal of the Bank as Executor, and if after such a trial Plaintiff was successful in having the Bank removed, an action could be brought on the Bank's bond, which would likely result in a second and subsequent trial.

11. Plaintiff in that case wished to avoid this somewhat inefficient process and began to discuss (with both the Bank and the other Beneficiaries) possible consolidation of all of the Beneficiaries' actions into a single action on the bond. The Bank wished to avoid having to defend the many lawsuits and sought to have just one action that would bind all of the Beneficiaries, however the Bank stood in somewhat different positions with respect to some Beneficiaries than others, and wished to preserve all rights and defenses it might be able to assert in any of the individual actions.

12. The Bank and the Beneficiaries eventually reached an agreement that would allow a single action on the Bank's bond in the United States District Court for the District of Rhode Island, with no admission of liability or of breach of fiduciary duty or bond obligation, preserving the rights and defenses of all parties, and staying or dismissing all other actions.

13. Once this agreement was reached with the Bank, the Beneficiaries worked out an agreement amongst themselves as to how the management of the single action would proceed. When that issue was resolved amongst the Beneficiaries, the agreement that had been

reached for the single action on the bond was memorialized in a Consent Order, which was signed by counsel for all of the Beneficiaries and by the Bank. A true and accurate copy of the Consent Order is attached hereto and incorporated herein as Exhibit A.

14. The parties intended that the single action on the bond would likely be accomplished by amendment of Plaintiff Lawton's action now pending before the court, C.A. No. KC 05-CV-00503-S-DLM.

15. The signed Consent Order was presented to Judge Isherwood of the Probate Court of the City of Warwick on April 6, 2006. Mr. Burt was represented at this hearing by his counsel, Thomas Pearlman, Esq. ("Mr. Pearlman") who had signed the Consent Order on Mr. Burt's behalf.

16. Having been previously informed of the negotiations between the parties, Judge Isherwood reviewed the proposed Consent Order, signed it and it was entered. No objection was made by any party, including Mr. Pearlman, to the entry of the Consent Order.

17. On April 25, 2006, Mr. Burt filed a Claim of Appeal in the Probate Court of the City of Warwick challenging the validity of the Consent Order agreed to and signed on his behalf by his attorney, Mr. Pearlman. On May 8, 2006, Mr. Burt filed his reasons of appeal in Superior Court and on May 17, 2006 some records from the Probate Proceedings were filed in Superior Court.

18. Mr. Burt is in breach of his agreement relating to the Consent Order as he refuses to stay or dismiss without prejudice his other actions, and in fact has instituted yet another new action, namely the appeal of the Consent Order.

19. Mr. Burt's appeal of the Consent Order and his refusal to stay or dismiss his other actions without prejudice substantially impairs the ability of all of the other Beneficiaries and the Bank to proceed with the single action on the bond in federal court.

**COUNT I**

**DECLARATORY JUDGMENT**

20. Plaintiffs reallege paragraphs 1-19, inclusive, as if set forth in full herein.

21. This is a case of actual controversy within the jurisdiction of this Court.

WHEREFORE, Plaintiffs demand judgment against Roland W. Burt, Jr. declaring the rights and legal relations of the parties pursuant to the aforementioned Consent Order; declaring that the Consent Order and the agreement of the parties embodied therein is binding on all parties to the Consent Order, including Mr. Burt; declaring that a single action on the Bank's bond may proceed upon approval of Plaintiff Judith A. Lawton' s Motion To Amend the Complaint in C.A. No. KC 05—CV-00503-S-DLM, with any judgment in such action to bind all Beneficiaries, including Mr. Burt; and for such other and further relief that to the Court seems meet and just.

**COUNT II**

**INJUNCTIVE RELIEF**

22. Plaintiffs reallege paragraphs 1 through 21, inclusive, of the Complaint as if set forth in full herein.

23. The Consent Order is an enforceable agreement signed by Mr. Burt's legal representative in which Mr. Burt agreed to participate in the single action on the bond in federal court and to stay or dismiss all other related actions.

24. Mr. Burt is in breach of this agreement by having instituted a new legal action and by refusing to stay or dismiss his other actions without prejudice.

25. Due to Mr. Burt's appeal of the Consent Order and his refusal to stay or dismiss his other actions without prejudice, all of the parties are stymied in their attempt to move past the procedural hurdles posed by the overlapping litigation that exists in this case.

26. The parties have and will continue to suffer an irreparable injury as long as

Mr. Burt is allowed to continue pursuing new and existing legal claims related to the Estate of Magda L. Burt.

27. The Plaintiffs have no adequate remedy at law and have been damaged as a result of Mr. Burt's aforementioned breach of the Consent Order and absent injunctive relief, will continue to be irreparably injured.

WHEREFORE, Plaintiffs demand judgment against Mr. Burt in the form of a preliminary and permanent injunction ordering him to refrain from taking any action in any legal proceeding relating to the Estate of Magda L. Burt, other than staying or dismissing his pending actions.

Bank of America
By Its Attorneys,
PARTRIDGE SNOW & HAHN LLP 8/28/06

Carolyn P. Medina

Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

JUDITH A. LAWTON
By Her Attorneys,
BLISH & CAVANAGH LLP

Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 FAX

Mr. Burt is allowed to continue pursuing new and existing legal claims related to the Estate of Magda L. Burt.

27. The Plaintiffs have no adequate remedy at law and have been damaged as a result of Mr. Burt's aforementioned breach of the Consent Order and absent injunctive relief, will continue to be irreparably injured.

WHEREFORE, Plaintiffs demand judgment against Mr. Burt in the form of a preliminary and permanent injunction ordering him to refrain from taking any action in any legal proceeding relating to the Estate of Magda L. Burt, other than staying or dismissing his pending actions.

Bank of America
By Its Attorneys,
PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

JUDITH A. LAWTON
By Her Attorneys,

BLISH & CAVANAGH LLP

Staci L. Kolb (KAP)

Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 FAX

JANICE LEFFINGWELL, and
JOAN GRANT
By their Attorney,

KEOUGH & SWEENEY, LTD.

Joseph A. Keough, Jr., Esquire (#4925)
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600

JOHN KIEPLER,
executor u/w/o Beverly J. Kiepler
By his Attorney,

SJOBERG & VOTTA LAW OFFICES

Mark A. Sjoberg, Esq. (#2427)
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696 phone
(401) 737-9119 fax

DATED: ~~August~~ September 1, 2006

873300_1

JANICE LEFFINGWELL, and
JOAN GRANT
By their Attorney,

KEOUGH & SWEENEY, LTD.

______________________________
Joseph A. Keough, Jr., Esquire (#4925)
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600

JOHN KIEPLER,
executor u/w/o Beverly J. Kiepler
By his Attorney,

SJOBERG & VOTTA LAW OFFICES

______________________________ 8/28/06
Mark A. Sjoberg, Esq. (#2427)
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696 phone
(401) 737-9119 fax

DATED: ~~August~~ September 1, 2006

873300_1