**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE BEVERLY KIEPLER
Plaintiffs

C.A. No. 06-394T

v.

ROLAND W. BURT, Jr.
Defendant

## DEFENDANTS ANSWER TO COMPLAINT

Now comes Roland W. Burt, Jr., the Defendant, a citizen of the State of Rhode Island and one of the beneficiaries of the Estate of Magda L. Burt to answer to complaint 06-394T.

Paragraph 1 - 6: As to allegations made in paragraphs 1 through 6. I do not have personal knowledge as to the accuracy of all statements, i.e. proper addresses or proper spelling of names. But do not deny them completely.

Paragraph 7: I deny that I breached a consent order and in fact I have never entered into the consent order in question, entered into on April 6, 2006. As to jurisdiction as stated in paragraphs 1 through 6, as previously stated, I have no personal knowledge of jurisdiction as to addresses of plaintiffs and have seen no documentation to verify claim as to amount involved in this matter exceeding $75,000.00. In the absence of judicial notice, I submit Exhibit A, page 6, paragraph 2 of the joint interest, confidential and litigation agreement (previously submitted to the court). If present cash values have not been

established with no documentation as to cash value, how can the threshold for jurisdiction be established?

Paragraph 8,9,10,11: As I was not a party to the cases named I am unable to confirm or deny statements. However, I believe an attempt to remove the co-executors in the Warwick Superior Court has been denied. I believe they now want to bring this failed case to the Federal Court based on an inconvenience of having two cases rather than one and requires the court to get permission of one of the members of the litigation group to go forward with the case.

Paragraph 12: I deny that anyone ever reached an agreement with me and I believe I can show at trial that they never reached an agreement with beneficiary Raymond Cyr. I submit two of his many emails to me and our legal representative in support of this fact. The emails are dated April 13, 2006 and May 22, 2006, Exhibits B and C. I also submit a letter from the office of Thomas W. Pearlman, dated March 29,2006, to Raymond Cyr and myself with a Retainer Agreement and Hold Harmless Agreement dated March 27, 2006, Supporting our not being contracted to that group on that date. see Exhibits D,E and F.

Paragraph 13: No one ever worked out any such agreement with me.

Paragraph 14, 15,16: As I was not a party to this agreement, I am unable to confirm or deny the allegations.

Paragraph 17: I admit only to the fact that I appealed this consent order. As to the date of appeal I gave notice to my former attorney April 1, 2006 that if this order were in affect, I want it appealed at once. See Exhibit G. Five days prior to the signing of order. I have also brought to the attention of the Rhode Island Superior Court that the dating system of certified records of the Warwick Probate Court appear flawed.

Exhibits K and L. Where this group was trying to assure me that assenting to this litigation agreement would not jeopardize my cases against Nyman Manufacturing, Bank of America or Robert Gates. I also have several answering machine messages assuring me of same. I will also present at trial additional written documentation.

Paragraph 24: Previously addressed.

Paragraph 25: All parties are actively involved in an open probate matter in the Warwick Probate Court and two Superior Courts. All cases brought after mine, any overlapping is not due to me.

Paragraph 26: I believe all cases pending in all courts, in this probate matter are appealable to the Circuit Court or as this is an open probate matter, I believe issues can be re-petitioned to the probate court any time, providing ample process to all parties.

Paragraph 27: I deny that any loss of remedy is due to my case which has been pending in the Rhode Island Superior Court since 2002 with no overlapping on my part or petition to any other court, by me, as implied in this demand. My memorandum in support of appeal to the Superior Court basically for the same set of circumstances found before this court (see memorandum in support of pending appeal) before the Kent County Superior Court. Current hearing date October 10, 2006. It may be noted that plaintiffs loss of remedy is largely due to failure to respond timely and refusal to join my case by my previous attorney's several attempts to consolidate by motion and/or stipulation in both the Probate Court of Warwick and the Rhode Island Superior Court. See Exhibit M, a follow up stipulation to consolidate. At trial I will show that this was one of many, many attempts to streamline this case with a co-operative spirit.

**Wherefore**, defendant prays that this Honorable Court deny injunction and declaratory judgment and afford me my right to protect my inheritance as provided for by the Fifth Amendment to the Constitution.

Roland W. Burt, Jr., Defendant
24 Lester Street
Rumford, R.I. 02916
(401) 435-3436

**DATED: September 25, 2006**

**CERTIFICATION**

I hereby certify that I mailed a copy of the within Answer To Complaint by regular mail, postage paid on September 25, 2006 to:

Steven E. Snow, Esq.
Carolyn P. Medina, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, R.I. 02903

Karen A. Pelczarski, Esq.
Staci L. Kolb, Esq.
Blish & Cavanagh LLP
Commerce Center
30 Exchange Terrace
Providence, R.I. 02903

Joseph A. Keough, Jr., Esq.
Keough & Sweeny, Ltd.
100 Armistice Boulevard
Pawtucket, R.I. 02860

Mark A. Sjoberg, Esq.
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, R.I. 02886

Thomas W. Pearlman, Esq.
Law Offices of Thomas W. Pearlman
Post Office Drawer 9007
Providence, R.I. 02940

Roland W. Burt, Jr.