BLISH & CAVANAGH LLP

COUNSELLORS AT LAW

Joseph V. Cavanagh, Jr.
William R. Landry
Edmund L. Alves, Jr.
Stephen J. Reid, Jr.
Karen A. Pelczarski
Scott T. Spear
Kristin E. Rodgers

Staci L. Kolb
Thomas E. Romano
Mary Cavanagh-Dunn
Ragan L. Willis

John H. Blish
Of Counsel

March 16, 2006

Robert E. Kiely, Esquire
Regan & Kiely, LLP
85 Devonshire Street
Boston, Massachusetts 02109

***Re: Estate of Magda Burt/Robert Gates***

Dear Attorney Kiely:

This letter proposes a resolution of the disputed claims among the ten beneficiaries of the Estate of Magda Burt (the "beneficiaries") and your client Robert E. Gates ("Gates"). What is hereinafter set forth is intended to compromise disputed claims and, therefore, falls within the scope of Rule 408 of the Rhode Island and Federal Rules of Evidence. Thus, it should not be considered admissible in any litigation.

As you know, the beneficiaries' claim against Gates is for breach of fiduciary duties in his capacity as a coexecutor of the Estate of Magda Burt. The gravamen of the beneficiaries' claim centers around the sale of 2,256 shares of Nyman Mfg. Co. stock by the Estate of Magda Burt to the company in November of 1995. The beneficiaries allege that the coexecutors failed to appropriately evaluate the 1995 offer by Nyman Mfg. Co. to purchase the shares from the Estate of Magda Burt, wrongfully permitted counsel for Nyman Mfg. Co. to present an argument to the Warwick Probate Court in favor of the purchase without opposition, and then failed to appeal the decision of the Warwick Probate Court authorizing the sale. The beneficiaries sustained substantial damages because the stock of Nyman Mfg. Co. was later sold to Van Leer Industries in September of 1997. The shareholders received more than $1,800.00 per share in that sale. Additionally, it was later proved in a federal court trial that three principals of Nyman Mfg. Co. improperly diluted the value of those shares through their wrongful purchases of Class A and Class B treasury shares in June 1996 with an uncollateralized promissory note on which they never made a single payment. In short, as a consequence of the purchase of shares from the Magda Burt Estate in November 1995, the beneficiaries lost both the opportunity to participate in the 1997 stock sale, and the opportunity to participate in the dilution claim against the officers and directors.

The damages in this case should be calculated as the difference between the value of shares at the time of redemption and the amount the beneficiaries would have received had their shares not been sold. The ten beneficiaries collectively owned 2,256 shares of

Nyman Mfg. Co. stock, which were redeemed for $145.36 per share, for a total of $327,932.16. Pursuant to the decision in *Lawton v. Nyman,* 357 F.Supp.2d 428, 425 (D.R.I. 2005), had the beneficiaries retained their shares, they would have received $2,486.59 per share at the time that Nyman Mfg. Co. was sold. Thus, the damage calculations for all ten beneficiaries in the case against Gates, for which he is jointly and severally liable, are as follows:

| | |
|---|---|
| $ 2,486.59 | share price |
| x 2, 256 | shares |
| $ 5,609,747.00 | |
| - 327,532.16 | amount received by ten beneficiaries in the November 1995 sale |
| $ 5,281,814.90 | |
| x 2.23% | statutory interest at 12% for 123 months |
| $11,619,992.00 | |

Based on our discussions, I understand that Gates has limited insurance coverage with respect to these claims. We understand that approximately $450,000.00 in coverage is currently available for distribution. I have been authorized by all ten beneficiaries to resolve this claim for the policy limits of Gates' applicable insurance policy in exchange for an appropriate release. Based upon the fact that we understand Gates' insurance policy to be a draw-down policy, we are concerned over decreasing available coverage. Therefore, please be advised that this offer will remain open for thirty (30) days.

We look forward to hearing from you.

Very truly yours,

K. A. P.

Karen A. Pelczarski

KAP/sr

cc: Mark A. Sjoberg, Esquire
Joseph A. Keough, Esquire
Russell Weddell, Esquire
✓Thomas W. Pearlman, Esquire