# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE OF BEVERLY KIEPLER,<br><br>Plaintiffs<br><br>v.<br><br>ROLAND W. BURT, Jr.,<br><br>Defendant | C.A. No. 06-394-S-LDA |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Bank of America, N.A., Judith A. Lawton, Janice Leffingwell, Joan Grant, and John Kiepler, as executor of the Estate of Beverly Kiepler (collectively, the "Plaintiffs"), through counsel, move for summary judgment. Plaintiffs are entitled to summary judgment because the undisputed facts demonstrate that the Consent Order entered into by all parties was agreed to by Mr. Thomas Pearlman, Esq., in his capacity as counsel for Defendant, Roland W. Burt, Jr. Mr. Pearlman, as a matter of law possessed actual and apparent authority to enter into the Consent Order on Mr. Burt's behalf, and the Consent Order should therefore be declared valid and enforceable, and Mr. Burt should be ordered to comply with its terms. In support of their Motion Plaintiffs rely upon the accompanying Memorandum of Law.

BANK OF AMERICA

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow

Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com
cpm@psh.com

JUDITH A. LAWTON

By Her Attorneys,

BLISH & CAVANAGH LLP

/s/ Karen A. Pelczarski

Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 FAX
kap@blishcavlaw.com
slk@blishcav.com

JANICE LEFFINGWELL and
JOAN GRANT

By their Attorneys,

KEOUGH & SWEENEY, LTD.

/s/ Joseph A. Keough, Jr.

Joseph A. Keough, Jr. (#4925)
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600

JOHN KIEPLER, Executor u/w/o
Beverly J. Kiepler

By His Attorneys,

SJOBERG & VOTTA LAW OFFICES

/s/ Mark A. Sjoberg

Mark A. Sjoberg (#2427)
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696
(401) 737-9119 FAX

DATED: December 8, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of December, 2006 and has been sent by prepaid first class mail addressed to:

Roland W. Burt, Jr.
24 Lester Street
Rumford, RI 02916

/s/ Steven E. Snow

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE OF BEVERLY KIEPLER, Plaintiffs<br><br>v.<br><br>ROLAND W. BURT, Jr., Defendant | C.A. No. 06-394-S-LDA |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Plaintiffs Bank of America, N.A., Judith A. Lawton, Janice Leffingwell, Joan Grant, and John Kiepler, as executor of the Estate of Beverly Kiepler (collectively, the "Plaintiffs") submit the following memorandum of law in support of their motion for summary judgment. Plaintiffs are entitled to summary judgment because the undisputed facts demonstrate that the Consent Order entered into by all parties was agreed to by Mr. Thomas Pearlman, Esq., ("Mr. Pearlman") in his capacity as counsel for Defendant, Roland W. Burt, Jr., ("Mr. Burt"). Mr. Pearlman, as a matter of law possessed actual and apparent authority to enter into the Consent Order on Mr. Burt's behalf, and the Consent Order should therefore be declared valid and enforceable, and Mr. Burt should be ordered to comply with its terms.

## I. STANDARD OF REVIEW

A party seeking summary judgment must show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether summary judgment is appropriate, the Court must view the facts on the record and all reasonable inferences therefrom in the light most favorable to the

non-moving party. *Cont'l Cas. Co. v. Canadian Universal Ins. Co.*, 924 F.2d 370, 373 (1st Cir. 1991). Although the Court must examine the record in the light most favorable to the non-moving party, defeating a properly documented motion for summary judgment requires more than the "jingoistic brandishing of a cardboard sword." *Int'l Ass'n of Machinists v. Winship Green Nursing Ctr.*, 103 F.3d 196, 199-200 (1st Cir. 1996).

Initially, the burden in a summary judgment motion requires the moving party to aver "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party meets this burden, the onus falls upon the non-moving party, who must oppose the motion by presenting facts that show that there is a "genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 48 (1st Cir. 1990) ("a genuine issue exists if there is sufficient evidence supporting this claimed factual dispute to require a choice between the parties' differing versions of the truth at trial."). To oppose the motion successfully, the non-moving party "may not rest upon mere allegation or denials of his pleading." *Anderson*, 477 U.S. at 256. The non-moving party must establish a trial-worthy issue by presenting "enough competent evidence to enable a finding favorable to the non-moving party." *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir. 1993). Moreover, the evidence presented by the non-moving party "cannot be conjectural or problematic; must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve at an ensuing trial." *Mesnick v. Gen. Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991).

## II. ARGUMENT

### A. As Roland Burt's Attorney, Mr. Pearlman Had Actual Implied Authority To Enter Into The Consent Order.

It is undisputed that Mr. Pearlman was Mr. Burt's legal representative at least until April 25, 2006, when Mr. Pearlman filed a Notice of Appeal on Mr. Burt's behalf in Kent

County Superior Court relating to the Consent Order at issue in this case. *See* Exhibit H to Plaintiff's Rule 12.1 Statement of Undisputed Facts. (It should be noted that no Notice of Withdrawal has yet been filed by Mr. Pearlman in any case in which he had formerly represented Mr. Burt). As such, Mr. Pearlman's agreement to the Consent Order, both by his signature and by his attendance at the Probate Court hearing on April 6, 2006 at which the Consent Order was presented to and signed by Judge Isherwood, and at which Mr. Pearlman voiced no objection to the entry of the order, (*See* Affidavit of Mark Sjoberg, Esq., Exhibit F to Plaintiff's Rule 12.1 Statement of Undisputed Facts, hereinafter "Sjoberg Affidavit") conclusively binds Mr. Burt to the terms of the Consent Order.

It is well established that an attorney has actual implied authority to take such steps as he may deem legal, proper and necessary in the management of a client's action. *Mclyman v. Miller*, 52 R.I. 374, 375 (1932). In *Mclyman*, the Defendant's attorney agreed to waive a jury trial in return for a second continuance necessitated by the Defendant's inability to attend court due to illness. *Id*. The Defendant later engaged other counsel who moved to have the case restored to the jury trial calendar. This motion was denied. In upholding the denial of this motion and holding that the attorney did not act beyond his authority in waiving the jury trial, the court stated:

> An attorney is an agent employed by a party to a case the manage the same for him. By his employment, the attorney is authorized to take such steps in defending the action as he may deem legal proper and necessary, and his acts in that respect, in the absence of fraud, must be regarded as the acts of his client. Admissions of attorneys bind their clients in all matters relating to the progress and control of the case.

*Id.* at 375-76.

Just as the decision as to whether to waive a jury trial is within the scope of an attorney's actual implied authority, so too was the Consent Order in this case within the scope of actual authority possessed by Mr. Pearlman by virtue of his employment as Mr. Burt's attorney.

The Consent Order in this case provides only a procedural path along which the numerous lawsuits relating to the administration of the Estate of Magda Burt may efficiently progress. It does not effect the substantive rights, claims or defenses of any party, but rather, expressly preserves them. *See* Consent Order, Exhibit G to Plaintiff's Rule 12.1 Statement of Undisputed Facts. The Consent Order was discussed and agreed to amongst the attorneys for all parties as a means by which to progress past a procedural posture that would require multiple trials of similar issues in cases that do not share an identity of parties or issues. As such, the subject matter of the Consent Order deals solely with the "progress and control" of this litigation, a subject squarely within the scope of the authority necessarily implied to attorneys for the management of clients' cases under *Mclyman*. Mr. Pearlman therefore acted within his actual authority in executing the Consent Order on Mr. Burt's behalf and should be enforced.

**B. <u>All Parties Justifiably Relied On Mr. Pearlman's Apparent Authority To Enter Into The Consent Order On Mr. Burt's Behalf.</u>**

In addition to possessing implied authority to enter into the Consent Order on Mr. Burt's behalf, Mr. Pearlman also had apparent authority to do so because Mr. Burt held Mr. Pearlman out as his attorney consistently and without qualification for over 13 years. It has been repeatedly held in Rhode Island that "it is the conduct of the client and not the attorney which must be considered in determining whether apparent authority exists, and if it does, the client is bound by what the attorney does." *Cohen v. Goldman*, 132 A.2d 414, 417 (R.I. 1957). Apparent authority

> arises from the principal's manifestation of such authority to the party with whom the agent contracts. Such manifestation by the principal to the third person need not be in the form of a direct communication to the third person, but may come from other indicia of authority. Extension of some degree of authority to an agent may suffice to communicate to a third party that the agent has even greater apparent authority, unless the principal further communicates a limitation on the third person.

*Carlsten v. The Widecom Group, Inc.* (2004 R.I. Super. LEXIS 212, * 20 (citing *Menard & Co. Masonry Building Contractors v. Marshall Building Systems, Inc.*, 539 A.2d 523, 526 (R.I. 1988)).

In *Cohen*, the Rhode Island Supreme Court upheld a settlement agreement which had been agreed to by Plaintiff's counsel without the Plaintiff's knowledge. The Plaintiff's attorney had forged the Plaintiff's signature on the settlement agreement and absconded with the settlement proceeds. Upon learning of the settlement agreement, the Plaintiff immediately engaged new counsel and sought to have the settlement agreement set aside and the underlying claims reinstated. *Id.* at 415. In refusing to invalidate the settlement agreement, the court held that "where two innocent parties are involved, justice requires that of the two the least culpable should not be made to suffer. Whether either party to a transaction made with an agent is to suffer by his neglect, it should be his principal." *Id.* at 417.

In *Cohen*, the court held that the Plaintiff, by engaging his attorney placed him in a position that "a person of ordinary prudence and discretion would have been justified in assuming …that the attorney was authorized to perform, [o]n behalf of his client, the particular act in question." *Id.* Therefore, the court held that the settlement agreement was valid and to the extent that the Plaintiff suffered a harm, his remedy was against the former attorney. *Id.*

Similarly, here Mr. Pearlman's status as Mr. Burt's attorney at the time the Consent Order was entered is not in dispute. Nor is it disputed that Mr. Burt held Mr. Pearlman out as his attorney throughout the litigation regarding the administration of the Estate of Magda Burt, starting with Mr. Burt's first lawsuit in 1993, through the filing of the appeal of the Consent Order on April 25, 2006. (*See* Exhibits A and H to Plaintiff's Rule 12.1 Statement of Undisputed Facts, and Sjoberg Affidavit). Finally, as was also the case in *Cohen*, the good faith of the other parties in entering into the Consent Order, is not in dispute. Mr. Pearlman acted

consistently and unqualifiedly as Mr. Burt's attorney, bringing numerous lawsuits on Mr. Burt's behalf, (*See* Exhibits A, B, C, D and H to Plaintiff's Rule 12.1 Statement of Undisputed Facts), filing various pleadings in such cases, conducting settlement discussions in these cases, and, most relevant to this case, fully participating in all negotiations, discussions and hearings leading up to the entry of the Consent Order. (*See* Sjoberg Affidavit).

Therefore, to the extent there has been any wrongdoing whatsoever with respect to the entry of the Consent Order, Mr. Burt's remedy is against Mr. Pearlman only. As was the case in *Cohen*, the Plaintiffs relied in good faith on the legal representative held out by Mr. Burt when entering into the Consent Order. In such a circumstance, *Cohen* clearly requires that it be the principal who suffers as a result of any neglect by the principal's agent.[1] In this case, as between Mr. Burt and the Plaintiffs, as a matter of law, it is Mr. Burt who must bear the burden of any unauthorized actions by Mr. Pearlman.

## III. CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that this court grant their motion for summary judgment, declare the Consent Order valid and enforceable, and order Mr. Burt to comply with its terms in accordance with the prayer for relief set forth in the Complaint.

---

[1] Plaintiffs, however, would dispute that Mr. Burt will actually suffer any negative effect from complying with the Consent Order, as all his substantive claims are expressly reserved and unaffected by the terms of the Consent Order.

BANK OF AMERICA

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
Carolyn P. Medina (#7109)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
ses@psh.com
cpm@psh.com

JUDITH A. LAWTON

By Her Attorneys,

BLISH & CAVANAGH LLP

/s/ Karen A. Pelczarski
Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
Commerce Center
30 Exchange Terrace
Providence, RI 02903
(401) 831-8900
(401) 751-7542 FAX
kap@blishcavlaw.com
slk@blishcav.com

JANICE LEFFINGWELL and
JOAN GRANT

By their Attorneys,

KEOUGH & SWEENEY, LTD.

/s/ Joseph A. Keough, Jr.
Joseph A. Keough, Jr. (#4925)
100 Armistice Boulevard
Pawtucket, RI 02860
(401) 724-3600

JOHN KIEPLER, Executor u/w/o
Beverly J. Kiepler

By His Attorneys,

SJOBERG & VOTTA LAW OFFICES

/s/ Mark A. Sjoberg
Mark A. Sjoberg (#2427)
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696
(401) 737-9119 FAX

DATED: December 8, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of December, 2006 and has been sent by prepaid first class mail addressed to:

Roland W. Burt, Jr.
24 Lester Street
Rumford, RI 02916

/s/ Steven E. Snow

890346_1/4150-24