# EXHIBIT A

3/15/93

# State of Rhode Island and Providence Plantations

PROVIDENCE, SC.

SUPERIOR COURT

Civil Action, File No. ..........

ROLAND W. BURT, JR.

Plaintiff

vs.

RHODE ISLAND HOSPITAL TRUST, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF MAGDA L. BURT

Defendant

*Summons*

RECEIVED
MAR 1 6 1993
~~Rec'd.~~ 10:20AM
R. I. H. T. N. B.
J. E. P.

*To the above-named Defendant:*

The above-named plaintiff has brought an action against you in said Superior Court at Providence. You are hereby summoned and required to serve upon THOMAS W. PEARLMAN, ESQUIRE, plaintiff's attorney, whose address is P.O. DRAWER 9007 PROVIDENCE, RI 02940 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the plaintiff, or you will thereafter be barred from making such claim in any other action.

Frank R. Cenerini [signature],
CLERK

Dated: March 15, 1993

(Seal of the Superior Court)

8-135

C.I.—153

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC.

ROLAND W. BURT, JR.

VS. C. A. No.

RHODE ISLAND HOSPITAL TRUST,
INDIVIDUALLY AND AS EXECUTOR
OF THE ESTATE OF MAGDA L. BURT

COMPLAINT

1. Plaintiff is an heir-at-law and beneficiary of the Estate of the late Magda L. Burt.

2. Defendant has been appointed Executor of said Estate and has served in that capacity since its appointment by the Probate Court.

3. Magda L. Burt died on the 30th day of August, 1987.

4. Defendant was appointed by the Probate Court of the City of Warwick on or about the 8th day of October, 1987.

COUNT I - NEGLIGENCE

5. Defendant has negligently administered the Estate, violating its duty of the highest decree of care and concern for the benefit of the beneficiaries.

COUNT II - BREACH OF FIDUCIARY

6. Defendant owed the Plaintiff and others similarly situated the highest duty of care in administrating, selling, and disposing of the trust funds, getting the best prices and marshalling the liquidating the assets.

7. Despite its obligations, Defendant has breached that duty and failed to do so.

COUNT III - BREACH OF TRUST

8. Defendant has breached the trust owed Plaintiff.

COUNT IV - BREACH OF DUTY OF LOYALTY

9. Defendant breached its duty of loyalty owed Plaintiff.

COUNT V - BREACH OF DUTY OF IMPARTIALITY

10. Defendant has breached its duty of impartiality owed Plaintiff.

WHEREFORE, Plaintiff prays as follows:

1. A full and proper accounting;
2. Compensatory damages and punitive damages;
3. Legal fees, interest and costs;
4. Such other relief as deemed just.

ROLAND W. BURT, JR.
By his Attorneys,
PEARLMAN & VOGEL

Thomas W. Pearlman (0825)
Blackstone Boulevard Terrace
P. O. Drawer 9007
Providence, RI 02940
Tel.: (401) 726-6200
Fax: (401) 726-4141

JURY TRIAL CLAIMED.

Date: March 12, 1993