# EXHIBIT B

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ROLAND W. BURT, Jr. as Beneficiary of the ESTATE OF MAGDA L. BURT
Plaintiff

VS.

C. A. No. 02-2243

RHODE ISLAND HOSPITAL TRUST NATIONAL BANK a/k/a FLEET NATIONAL and ROBERT B. GATES Co-Executors of the ESTATE OF MAGDA L. BURT and ROBERT C. NYMAN, KENNETH J. NYMAN, KEITH JOHNSON and NYMAN MFG. CO.
Defendants

## COMPLAINT - Derivative and (Verified)

### THE PARTIES

1. Plaintiff, Roland W. Burt, Jr. is a resident of East Providence, Rhode Island.
2. (a) Defendant, Rhode Island Hospital Trust National Bank also referred to herein as RIHTNB a/k/a Fleet National, is a Rhode Island-chartered bank and trust company with its principal place of business in Rhode Island;
   (b) Defendant, Robert B. Gates, is a resident of the State of Rhode Island;
   (c) Defendants, RIHTNB and Robert B. Gates are Co-Executors of the Estate of Magda L. Burt.
3. Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson are all residents of the State of Rhode Island.
   (a) Said Robert C. Nyman, Kenneth J. Nyman and Keith Johnson were at all relevant times acting as officers and directors of Nyman Mfg. Co.
   (b) Nyman Mfg. Co. did business in the State of Rhode Island at all relevant times.

4. This is a derivative stock holder action brought under the Superior Court Rules of Civil Procedure 23.1 which says as follows:

> **23.1. Derivative actions by shareholders.** — In a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it, the complaint shall be verified and shall allege that the plaintiff was a shareholder or member at the time of the transaction of which the plaintiff complains or that the plaintiff's share or membership thereafter devolved on the plaintiff by operation of law. The complaint shall also allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort. The derivative action may not be maintained if it appears that the plaintiff does not fairly and adequately represent the interest of the shareholders or members similarly situated in enforcing the right of the corporation or association. The action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to shareholders or members in such manner as the court directs. (As amended September 5, 1995.)
>
> **Compiler's Notes.** A Superior Court order, dated January 29, 1991, promulgating this rule, was approved by a Supreme Court order, dated and effective on April 17, 1991.
> The 1995 amendment, by Superior Court order dated June 12, 1995 and approved by the Supreme Court on June 13, 1995, effective September 5, 1995, made stylistic changes throughout the rule.

(a) All rights of plaintiff and those similarly situated in law and equity are hereby sought;

(b) Plaintiff intends to consolidate and merge this action with the case entitled Roland W. Burt, Jr. vs. Rhode Island Hospital Trust Individually and as Executor of the Estate of Magda L. Burt, C. A. No. 93-1285, attached.

## JURISDICTION

5. This Court has jurisdiction over this action pursuant to the residency of the parties and the amount in controversy herein exceeds the sum of $25,000.00, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

6. The Estate of Magda L. Burt is pending resolution in the Probate Court of the City of Warwick, Rhode Island and RIHTNB and Robert B. Gates, Esquire, are Co-Executors of the said Estate in Case No. 87-310.
7. At all times relevant and pertinent herein, Roland W. Burt, Jr. has been and continues to be a residuary beneficiary of the Estate of Magda L. Burt.
8. Other residuary beneficiaries of the said Estate include Judith A. Nyman Lawton, Beverly J . Nyman Branch, June Gilmore, Raymond P. Cyr, Jr., Janice Burt Leffingwell, Janis Fisher, Roland W. Burt, Jr., Joan Burt Grant, Carol Burt Lincoln and Joyce Burt Hendricks.
9. At all times relevant and pertinent herein, the Estate of Magda L. Burt owned 2,256 shares of Class A, non-voting stock of Nyman Mfg. Co. , also referred to herein as Nyman Manufacturing, which is a closely-held corporation with a principal place of business in East Providence, Rhode Island.
10. The 2,256 shares of Class A, non-voting stock of Nyman Manufacturing were placed in the Estate of Magda L. Burt who, at the time of her death in 1987, was an Officer and Director and largest individual shareholder of Nyman Manufacturing.
11. At all times relevant and pertinent herein, Nyman Manufacturing was in the business of manufacturing and selling disposable food containers and other disposable food service items to the food service industry and other businesses dealing in such items.
12. At all times relevant and pertinent herein, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson were directors, officers and/or majority shareholders of Nyman Manufacturing.
13. As of March 31, 1995, the 2,256 shares of the Estate of Magda L. Burt constituted approximately twenty percent (20%) or one-fifth (1/5) of the total outstanding Class A shares of Nyman Manufacturing.
14. As of July 1989, 15,000 shares of stock (13,500 shares of Class A common stock and 1,500 shares of Class B voting stock) had been issued by Nyman Manufacturing.
15. In approximately February 1995 or at a time in the general vicinity of February 1995, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson acquired from Elizabeth Nyman, who was the widow of Walfred Nyman, 750 shares of class B voting stock which the said Elizabeth Nyman had inherited from Walfred Nyman.

16. In approximately November 1995, or at a time in the general vicinity of February 1995, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, on behalf of Nyman Manufacturing, purchased from the Estate of Magda Burt 2,256 shares of Class A non-voting stock. In or at a time in the general vicinity of May 1996, the above-named Defendants also purchased 1,092 shares of Class A non-voting stock from (a) the Judith Nyman Lawton family and (b) the children of Robert and Kenneth Nyman. In addition, in approximately June 1996, or at a time in the general vicinity thereof, the above-named Defendants acquired for themselves an additional 4115 of Class A stock and 750 shares of Class B voting stock from the company treasury.
17. In approximately August 1995, or at a time in the general vicinity of August 1995, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson negotiated the purchase of the 2,256 shares of Class A non-voting stock from the Estate of Magda Burt for the price of $145.36 per share in spite of the strong refusal of Roland W. Burt, Jr. and others that they were unwavering in their opposition to acceptance of this offer and their repeated requests that their inherited shares of this Class A stock be held, retained and/or not otherwise be disposed of.
18. In September 1997, Nyman Manufacturing stockholders sold all 15,000 issued shares of stock to Van Leer Corporation of Holland ("Van Leer"). The aforementioned Class A stock was sold to Van Leer at approximately $1,822.96 per share. The Class B stock was sold at a price of approximately $2,369.85 per share. At this time, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson collectively controlled all the Class B voting stock issued by Nyman Manufacturing, each owning 750 shares as well as all of the outstanding Class A stock.
19. Prior to the 1995 offer to purchase the Estate's stock at $145.36 per share, the Estate was misled as to the true financial condition and prospects of Nyman Manufacturing. In addition, the Estate was not informed that the sale of the company was being sought and under consideration. The price offered by Defendants Hospital Trust and Robert B. Gates, Co-Executors, to sell the Estate's shares of stock prior to the sale to Van Leer was less one ninth (1/9) of what the stock was sold for to Van Leer, but the preparation for sale of the business and negotiations and sale to Van Leer occurred within and during the months when the aforementioned negotiations to purchase the Estate's shares were undertaken by Nyman Manufacturing. Additionally, the markedly higher sale price of the Class B stock is inconsistent with the

corporation's Fifth Amended Article which indicates that voting and non-voting shares (Class B and Class A) possess equal rights in all matters, except voting. The Estate was also misled as to the value of the Class B and Class A stock, as well as the undisclosed issuance of additional shares of stock.

20. Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, as officers of Nyman Manufacturing as well as the Defendants, RIHTNB and Robert B. Gates each owed a fiduciary duty and the highest degree of care and loyalty to all of the company's shareholders, including but not limited to minority shareholders such as the Estate of Magda L. Burt and the beneficiaries thereof.
21. Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, as directors, had a fiduciary duty of full disclosure and fair valuation to the Estate and the beneficiaries thereof according to the by-laws of Nyman Manufacturing.
22. The wrongful acts of Robert Nyman, Kenneth Nyman and Keith Johnson have resulted to date in three (3) separate actions in the United States District Court of Rhode Island, namely:
    (a) Beverly Kiepler and Kristen Branch v. Robert Nyman, Kenneth Nyman and Keith Johnson, C. A. No. 98-272T (D.R.I.) (the "Kiepler Action");
    (b) Judith Lawton et al. v. Robert Nyman, Kenneth Nyman, Keith Johnson and Nyman Manufacturing Co., C. A. No. 98-288T (D.R.I.) (the "Lawton Action") and
    (c) Beverly Kiepler et al. v. The Washington Trust Co., et al., C. A. No. 01-085T (U.S.D.C.R.I.) (the "Trust Action").
23. All three of above-mentioned United States District Court of Rhode Island cases allege fraudulent concealment and failure to disclose and as recently as January 14, 2002, United States District Judge Torres found said fraudulent concealment and failure to disclose in both of the first two (2) actions.
24. The Kiepler action (No. 01-085T) was brought by Beverly Kiepler and Kristen Branch against Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, and seeks damages for the same wrongful acts of these Defendants as those set forth hereinabove.
25. The other two actions referred to in paragraph 22 hereof where plaintiff also seeks damages for the same wrongful acts and the same breach of fiduciary duties and the same wrongful concealment and in two (2) of these aforementioned three cases before Judge Torres found on January

19, 2002 the three (3) Defendants, Robert C. Nyman, Kenneth J. Nyman and Keith Johnson guilty of the same breach of fiduciary duties, failure to disclose, wrongful conduct, deceit and concealment alleged by the plaintiff in this case. Judge Torres also ordered said defendants to disgorge themselves of their unjustified profits and pay the losses with interest and costs.

26. Beginning in February 1993, Roland W. Burt, Jr., in his capacity as beneficiary of the Estate, has repeatedly requested and demanded that Defendants, RIHTNB and Robert B. Gates, Esquire, (a) seek relief for the substantial dilution in value of the Estate's 2,256 shares of Nyman Manufacturing Class A stock caused by the wrongful acts of Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson and (b) obtain a proper appraisal of the said stock.
27. Roland W. Burt, Jr., in his capacity as beneficiary of the Estate, made a demand upon the Executors to join in the above-referred actions and in the instant action as a party plaintiff.
28. The Executors, as referred to herein, have wrongfully failed and refused, despite the aforesaid repeated requests, to obtain a full and fair value for the said stock.
29. The Executors, as referred to herein, possessed no authority or right to sell these 2,256 shares of Class A stock in view of Plaintiff's objections and, especially, for a sum below its true value.
30. To date, the Executors have failed to take any action to seek relief for the substantial dilution in value of the Trust's 2,256 shares of Nyman Manufacturing Class A stock caused by the wrongful acts of Defendants Hospital Trust and Robert B. Gates.
31. Plaintiff believes the RIHTNB may have had at relevant times a conflict of interest with Defendants due to other dealings with the Co-Defendants herein.

## COUNT I

## BREACH OF FIDUCIARY DUTY BY ENGAGING IN SELF-DEALING AND FAILURE TO DISCLOSE

(Against Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson)

32. Plaintiff reincorporates and reasserts Paragraphs 1-31 by reference.

33. As officers, directors and/or majority shareholders of Nyman Manufacturing, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson each had a fiduciary obligation and duty to the company's shareholders, including but not limited to the Estate of Magda L. Burt and the beneficiaries thereof.
34. Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson breached their fiduciary duty of care and loyalty to the said Estate by engaging in self-dealing and concealment. Said self-dealing resulted in the issuance of additional shares of stock and/or options for shares at significantly less than fair market value to said Defendants without the Plaintiff's knowledge and in contravention of corporate by-laws, and by so doing the said Defendants diluted the value of the existing stock held by the Estate and misrepresented its true value and concealed its intent to sell to an outsider as found by United States District Judge Torres on January 19, 2002.
35. As a direct result of the breach of fiduciary duty of care, failure to disclose, concealment and loyalty by Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, the stock owned by the Estate for the beneficiaries thereof was undervalued and the Estate and Plaintiff and others similarly situated suffered extreme pecuniary loss and with a result that Defendants profited unjustly and should be disgorged of the wrongful gains.

WHEREFORE, as the result of the aforesaid self-dealing, concealment, misrepresentation and negligence the Estate and the beneficiaries thereof have suffered substantial pecuniary loss and Plaintiff, on behalf of the beneficiaries and Estate, is seeking such damages as may be proven at trial, including interest, costs and attorney's fees and punitive damages.

**COUNT II**
**BREACH OF FIDUCIARY DUTY**
(Against Defendants RIHTNB and Robert B. Gates)

36. The Plaintiff reincorporates and reasserts Paragraphs 1-35 by reference.
37. The Executors of the Estate of Magda L. Burt, RIHTNB and Robert B. Gates owed a fiduciary duty and highest duty of fealty to the beneficiaries of the Estate, including Roland W. Burt, Jr.

38. The Defendant Executors breached their fiduciary duties to the beneficiaries of the Estate, including Roland W. Burt, Jr., by failing to adequately protect the assets of the Estate.
39. The Defendant Executors breached their fiduciary duties to the beneficiaries of the Estate, including Roland W. Burt, Jr., by failing to assert any claim or to take any action against Defendant Robert C. Nyman, Kenneth J. Nyman and Keith Johnson based on these Defendants' wrongful acts that resulted in a substantial diminution in the value of the 2,256 shares of Nyman Manufacturing Class A stock owned by the Estate.
40. As a direct result of the Defendant Executors' breach of fiduciary duties and negligence, the beneficiaries of the Estate, including Roland W. Burt, Jr. have suffered substantial pecuniary loss and are seeking such damages as may be proven at trial, including interest, costs and attorney's fees.

Fleet v. Burt

WHEREFORE, as the result of the Defendant Executors' breach of fiduciary duties, Roland W. Burt, Jr. and the other Estate beneficiaries have suffered substantial pecuniary loss and Plaintiff is seeking as follows:

1. such damages as may be proven at trial, including interest, costs and attorney's fees;
2. plaintiff prays for the rescission, voiding and canceling of the transfer of said 2,256 Class A shares;
3. all remedies available at law and equity;
4. punitive damages;
5. that this case be merged and consolidated with the case C. A. No. 93-1285, attached;
6. such other relief as may be deemed just and proper.

For the Plaintiff and others similarly situated,

Thomas W. Pearlman, Esq. #0825
P O Drawer 9007
Providence RI 02940
Tel.: (401) 726-1010

4/25/07

Fax: (401) 726-3406

Date: April 22, 2002

Jury Trial Claimed.

**Affidavit**

The facts herein are true to the best of my knowledge and belief.

Roland W. Burt, Jr.

Subscribed and sworn to before me in the City of Pawtucket, County of Providence, State of Rhode Island, this 28th day of April, 2002.

Notary Public