# EXHIBIT C

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

ROLAND W. BURT, JR.
Appellant

VS.

P.P. No. PC02- 2316

ROBERT B. GATES and
RHODE ISLAND HOSPITAL
TRUST NATIONAL BANK,
Alias, Co-Executors of the Will
of Magda L. Burt, Alias, resident
decedent of Warwick, Rhode
Island
Appellees

**REASONS OF APPEAL**

Now comes ROLAND W. BURT, JR. ("Appellant"), through counsel, and respectfully represents as follows:

**PARTIES AND TRAVEL OF THE CASE**

1. MAGDA L. BURT, Alias Magda Lillian (Nyman) Burt ("Decedent"), is a resident decedent of Warwick, Rhode Island who died testate on August 30, 1987 ("Date of Death").

2. Decedent's Last Will and Testament dated January 22, 1981 ("Will") was admitted to probate by the Warwick Probate Court ("Probate Court") on October 8, 1987 in Estate No. 87-310.

3. Appellees, ROBERT B. GATES ("Gates") and RHODE ISLAND HOSPITAL TRUST NATIONAL BANK ("Hospital Trust"), (collectively

MAY 03 2002

"Co-Executors"), were appointed Co-executors of Decedent's Will and letters testamentary issued by the Probate Court Clerk on October 8, 1987.

4. Co-executors qualified by filing appointment bonds without surety in the sum of $2,500,000.00 on or about October 8, 1987 and filing additional bonds without surety in the sum of $1,767,000.00 on or about June 20, 1988 as ordered by the Probate Court.

5. On or about June 10, 1988, Co-executors (and co-appraisers) filed an inventory of Decedent's personal estate with the Probate Court which included, inter alia, 2,256 shares of the Class A non-voting common stock of Nyman Mfg. Co. ("Nyman Stock") valued at $383.04 per share or $864,138.24 as of Decedent's Date of Death.

6. On or about May 24, 1988, Co-executors filed a United States Estate Tax Return with the Internal Revenue Service certifying the assets of Decedent's taxable estate which included, inter alia, 2,256 shares of the Nyman Stock valued at $383.04 per share or $864,138.24 as of the Decedent's Date of Death.

7. After audit, the value of the Nyman Stock as of Decedent's Date of Death was amended by agreement between the Internal Revenue Service and the Co-executors to $909,958.00 or $403.35 per share.

8. On or about October 19, 1995, the Probate Court allowed the Co-executors' Amended First Account for the period October 8, 1987 to June 2, 1995 ("Account") which carried the Nyman Stock on Schedule C-1 thereof entitled, "Principal remaining on hand," as an asset on hand at the inventory value of $864,138.24 or $383.04 per share.

9. At all relevant times herein, the liquidation of the Nyman Stock was not required to pay the debts and expenses of the Decedent nor the charges of her estate.

10. At all relevant times herein, there existed no impediment which prevented the Co-executors from distributing the Nyman Stock in kind and in equal shares to the residuary beneficiaries under Decedent's Will.

11. On or about November 2, 1995, Co-executors sold the Nyman Stock to Nyman Mfg. Co. for $327,932.00 or $145.36 per share.

12. On or about September 29, 1997, the Nyman Stock was acquired by Van Leer Corporation, a Massachusetts corporation, for $4,081,104 or $1,809.00 per share.

13. Appellant, ROLAND W. BURT, JR., is a resident of East Providence, Rhode Island, a nephew of the Decedent, a residuary beneficiary under Decedent's Will and an interested party in Decedent's estate.

14. Appellant is aggrieved by the orders and decrees entered on March 25, 2002 whereby the Probate Court in Estate No. 87-310 denied his petition to reconsider and review proceedings and prior remove Gates and Hospital Trust as Co-executors of Decedent's Will and overruled his objection to the valuation of the Nyman Stock on the Co-executors' inventory and at all relevant times prior to its disposition by the Co-executors.

15. That within twenty (20) days of the entry of said orders and decrees, to wit, on April 11, 2002, Appellant filed in the Probate Court a claim of appeal to the Kent County Superior Court, together with a request for a certified copy of said claim of appeal and of the record of the proceedings appealed from, and paid the Probate Court Clerk the lawful fee therefor.

NOW, THEREFORE, Appellant comes within thirty (30) days of the entry of said orders and decrees and files herewith in the Providence County Superior Court, a certified copy of said claim of appeal and record of proceedings appealed from, and these, his reasons of appeal, specifically stated in accordance with Rhode Island General Law 1956 (1995 Reenactment) ("RIGL") Sec. 33-23-1, and for Reasons of Appeal states as follows:

**REASONS OF APPEAL**

1. That said orders and decrees are contrary to the law.

2. That said orders and decrees are contrary to the evidence.

3. That said orders and decrees are contrary to law and the evidence and the weight thereof.

4. That said orders and decrees are erroneous, in other respects illegal and void, and should be reversed.

5. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have become incapable of executing said Estate because of conflicting interests.

6. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have neglected and refused to do the duties thereof. Refer Amended Petition, attached hereto and made a part hereof.

7. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have mismanaged said Estate.

8. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to render a true and complete inventory, upon oath, of all the goods, chattels, rights and credits of the Decedent together with an appraisement thereof as by law required in

light of the two (2) decisions of Judge Torres of the U. S. District Court of Rhode Island in two (2) decisions rendered on or about January 16, 2002.

9. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to administer according to law and the Decedent's Will all of the Decedent's personal property, including the Nyman Stock.

10. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to render true and complete accounts of their administration of the Estate of Decedent as by law required.

11. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have violated the conditions of their respective bonds pursuant to RIGL Sec. 33-17-1(1).

12. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have breached their fiduciary duty to the Probate Court, the Decedent and the beneficiaries of Decedent's Will.

13. Appellant is informed and believes, and upon such information and belief, alleges that the valuation of the Nyman Stock as set forth on the Universal Inventory filed with the Probate Court on or about June 10, 1988

by the Co-executors is erroneous, incomplete, inaccurate and should be corrected.

14. Appellant is informed and believes, and upon such information and belief, alleges that the valuation of the Nyman Stock as set forth on Schedule C-1 of the Account is erroneous, incomplete, inaccurate and should be corrected.

15. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to secure the best price obtainable for the Nyman Stock.

16. Appellant is informed and believes, and upon such information and belief, alleges that at all relevant times herein, Co-executors have failed to obtain independent, adequate and proper assessment, appraisal and verification of the value of the Nyman Stock.

17. Appellant is informed and believes, and upon such information and belief, alleges that at all relevant times herein, Co-executors have failed to exercise due diligence in the liquidation of the Nyman Stock.

18. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors consummated the sale of the Nyman Stock to Nyman Mfg. Co. for less than fair market value without the

consent and approval of the residuary beneficiaries of Decedent's Will being the equitable owners thereof.

19. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have breached their fiduciary duty and failed to exercise due diligence as holders of the Nyman Stock.

20. That said orders and decrees should be reversed and corrected.

21. That the attorney for the Co-executors is Steven E. Snow, Esq., PARTRIDGE SNOW & HAHN, 180 South Main Street, Providence RI 02903-7120.

22. That the names and addresses of Appellees are:

Robert B. Gates, Esq., 1309 Turks Head Building, Providence, RI 02903 (Co-executor of Decedent's Will) and

Robert J. Tyler, Jr., RHODE ISLAND HOSPITAL TRUST, 100 Westminster Street, Providence, RI 02903 (Co-executor of Decedent's Will).

23. That the name and address of Appellant is Roland W. Burt, Jr., 24 Lester Street, Rumford RI 02916.

24. That the attorney for Appellant is Thomas W. Pearlman, Esq., P. O. Drawer 9007, Providence RI 02940.

WHEREFORE, Appellant having appealed from said orders and decrees as aforesaid, prays as follows:

A. That said all relevant and applicable orders and decrees of the Probate Court be reversed and set aside;

B. That Gates and Hospital Trust be removed as Co-executors of Decedent's Will and/or be required to take corrective measures;

C. That some suitable disinterested person be appointed Administrator D.B.N.C.T.A. of Decedent's Will;

D. For judgment against Decedent's Estate for attorney's fees and costs of suit and all compensatory and punitive damages and cumulative interest;

E. For judgment against Gates and Hospital Trust on their bonds, jointly and severally, for compensatory damages; and

F. That a proper, fair and independent appraisal be made;

G. For such other and further relief as this Honorable Court deems just and proper.

Roland W. Burt, Jr., Appellant,
By His Attorney,

______________________________

Thomas W. Pearlman, Esq. #0825
P O Drawer 9007
Providence RI 02940
Tel.: (401) 726-1010
Fax: (401) 726-3406

Dated: April 30, 2002

**CLAIM OF JURY TRIAL**

Appellant hereby declares that there are matters of fact in controversy and hereby claims a trial by jury on all factual issues.

Appellant, By:

Thomas W. Pearlman, Esquire

**VERIFICATION**

Roland W. Burt, Jr.

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

In Pawtucket on the 1st day of ~~April~~ May, 2002, before me personally appeared Roland W. Burt, Jr., who made oath that he subscribed the foregoing document, that he knows the contents thereof and that the same are true, excepting those matters stated on information and belief, and as to those matters, he believes them to be true.

Notary Public
My Commission Expires: 7/2002

 018 draft

**Preliminary Hearing Date requested 3/21/02 at 8:30 a.m.**

STATE OF RHODE ISLAND
KENT, SC.

PROBATE COURT FOR THE
CITY OF WARWICK

IN RE: ESTATE OF MAGDA L. BURT NO.: 87-310

**AMENDED PETITION TO REVIEW AND RECONSIDER**

Now comes Roland Burt, beneficiary and heir-at-law and moves this Court to Review and Reconsider the valuation, sale & liquidation of the Nyman Manufacturing Stock of the decedent and as grounds therefore say as follows:

1. There has been two (2) findings in two USDC of RI, cases numbered C.A. No.: 98-272T and a similar decision number C.A. No.: 98-288T by Judge Torres on or about 1/17/02 that the value per share as of 5/7/96 of Nyman Manufacturing Class A Stock (2256 shares) about $2,000.00 per share or well over Four Million ($4,000,000.00) Dollars. This was well over ten (10) times the $145.00 per share wrongly represented to this Honorable Court as the fair market value of this stock in 1995 and 1996.
2. Said findings by the USDC Judge Torres on 1/17/02 should be res judicata and stare decisis and binding on this Court as to the valuation of the Estate's 2256 Class A shares.

3. Said variance in valuation resulted from failure to disclose and concealment of plans to sell the Nyman Manufacturing business to an outsider according to Judge Torres. This was deemed to be breach of fiduciary duty by the officers and Directors of Nyman Manufacturing and improper, unlawful if not fraudulent conduct, which nullified prior transfers of Class A Stock and required disgorgement and payment of substantial damages of several millions of dollars with interest and costs.
4. That your Petitioner as beneficiary of the Estate of Magda Burt and others similarly situated should not suffer substantial losses and be harmed by such improper conduct especially since several protested and objected to the sale by the Estate of said stock at $145.00 per share.
5. The Court has JURISDICTION and should see justice is done and correct errors and mistake especially where on 2/16/02 the Judge Torres of the USDC of Rhode Island has found fraudulent concealment twice in both the two companion cases Kiepler, et al vs. Nyman, et al, C.A. No.: 98-272T and Lawton et al vs. Nyman, et al, C.A. No.: 98-288T and denied requests for a New Trial thereby affirming his finding of fraudulent conduct and failure to disclose.

6. 33-14-11 says:

> **33-14-11. Conclusiveness of settlement of accounts.** — The settlement of the accounts of an executor or administrator by the probate court, or on appeal, shall be final and conclusive on all parties concerned; provided, that upon the settlement of an account, all former accounts of the same executor or administrator may be so far opened as to correct a mistake or error apparent in the settlement.

7. 8-9-14 says:

> **8-9-14. Revocation or modification of orders or decrees.** — Any probate court may modify or revoke any order or decree made by it on an uncontested application before appeal therefrom, or, if no appeal is taken, before the time for taking an appeal has expired, and, if made in reference to the settlement of any estate, also before the final settlement thereof, upon the written application of any person interested therein, and after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of the estate and to all other interested parties; and upon any modification or revocation, there shall be the same right of and time for appeal as in case of any other order or decree.

8. PUBLIC POLICY, FAIRNESS, JUSTICE & EQUITY demand corrections and remedy.

9. Breach of Fiduciary Relationship and/or Fraudulent concealment should not be used to gain advantage especially when there was substantial concealment and misrepresentation to this Honorable Court as determined by aforesaid Court rulings in USDC of R.I. CA 98-272T and C.A. 98-288T.

10. No one should be permitted to come before this Court and use material misrepresentation and breach of fiduciary duties whether or not advertant and/or inadvertent in order to obtain the transfer of the Estate owned Stock of 2256 shares of Class A Stock on 11/2/95 whether or not assented to based on false information.

11. Furthermore there is a third case in the USDC RI CA NO.: 01-085T, entitled "Beverly Kiepler, as Beneficiary of the Walfred M. Nyman Trust vs. The Washington Trust Company, et als." See attached Complaint.

12. There is still time and the substantial need to do substantial justice as no Final Account has been allowed and approved by this Court.

WHEREFORE, Petitioner prays as follows:

1. The Probate Court Bond be increased to at least Fifteen Million $15,000,000.00 Dollars.
2. A full appraisal of the 2256 shares of Class A stock of the Estate of Magda L. Burt be made.
3. Nyman Manufacturing and its officers and directors be ordered to rescind the transfer of said 2256 shares of Class A Stock from this Estate.
4. Co-executor be ordered to join in the suit against the Officers and Directors of Nyman Manufacturing, i.e. C.A. 01-085T and/or KC

98-337, copies of said Complaints are attached hereto and/or institute an independent action for the aforesaid damages.

5. Such other relief and grounds as deemed just.

Roland Burt, By his attorney,

THOMAS W. PEARLMAN (0825)
P.O. DRAWER 9007
PROVIDENCE, RI 02940
TEL: 726-1010 / FAX: 726-3406

Conference requested March 21, 2002 @ 8:30 a.m.

## CERTIFICATION

I hereby certify that I have this 7th day of March 2002 mailed a true copy of the within Amended Petition to Review and Reconsider to Robert B. Gates, Esq., 1309 Turks Head Building, Providence, RI 02903, David T. Riedel, Esq., 10 Weybosset Street, Providence, RI 02903, Steven E. Snow, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903 and Mark A. Sjoberg, Esq., Sjoberg & Votta Law Offices, 200 Centerville Road, Suite 4, Warwick, RI 02886.