# EXHIBIT D

HEARING DATE: 4/3/97

STATE OF RHODE ISLAND
COUNTY OF KENT

PROBATE COURT OF THE
CITY OF WARWICK

ESTATE OF MAGDA L. BURT

No.: 87-310

PETITION FOR AN INDEPENDENT APPRAISAL OF THE STOCK OF NYMAN MANUFACTURING COMPANY AND OBJECTION TO FIRST AND FINAL ACCOUNT

Now comes the Petitioner Roland Burt and says as follows:

1. There have been at least three(3) different appraisals of the Nyman Manufacturing Stock with differing amounts, namely, One by the Tax Assessor of the City of East Providence' One by the Internal Revenue Service; and, One by the Rhode Island Hospital Trust by its wholly owned subsidiary appraisal department.

2. There was no appraisal done by an independent appraiser using accepted and state of the art appraisal standards.

3. The full and proper value of the stock was never properly and fairly ascertained.

4. Petitioner believes that there was a conflict of interest in the appraisal used by the Estate and that the full and proper value was never ascertained.

5. Petitioner has objected to the legal fees, administration fees and expenses as being excessive, incurred by undue delay and negligent management of the Estate.

6. Petitioner has objected to the sale of the Nyman Manufacturing stock below value.

7. Nyman stock transactions and sales occurred within less than a year for substantially more than the amount paid to the heirs and the Estate of Magda Burt.

Denied 4/3/97

cc: Sutler

8. Petitioner has objected to the failure to distribute in kind much of the assets of the Estate.

9. Petitioner has objected to the sale of much of the assets of the Estate without giving first refusal to the heirs.

10. The proposed so-called "First and Final" Account has many other shortcomings such as inadequate and improper itemization and justification of the amounts and charges of administrative expenses including undue delay.

11. The Executor owes the highest degree of care and standard of prudence as a fiduciary and said standard was not met.

12. Such other and further grounds as deemed just.

WHEREFORE, there have been tremendous losses to the beneficiaries and before the final account is acted upon, these matters should be looked into and fully heard and litigated.

1. An independent and qualified appraisal be done of the major assets especially the stock of Nyman.

2. A full and proper accounting.

3. A full hearing and explanation of the proposed "First & Final" Account.

2. Such other and further relief as deems just.

Roland Burt
Petitioner,

By His Attorney,

THOMAS W. PEARLMAN
P.O. Drawer 9007
Providence, RI 02940
Phone: (401) 726-1010
Fax : (401) 726-3406

TO: Steven E. Snow, Esquire
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903-7120

Robert Gates, Esquire
1309 Turks Head Building
Providence, RI 02903

Marvin Homonoff, Esquire
385 South Main Street
Providence, RI 02903

John Keebler
Rurual Free Delivery
Chestnut Street
Rehoboth, MA 02769

Please take notice the above matter will be called for hearing on the 3rd day of April, 1997 at 1:00 p.m.

THOMAS W. PEARLMAN

CERTIFICATION

I hereby certify on the 11th day of April, 1997, a copy of the within Petition was mailed, postage prepaid, to the above-named attorneys at this above stated address.

HEARING DATE: 4/3/97

STATE OF RHODE ISLAND
COUNTY OF KENT

PROBATE COURT OF THE
CITY OF WARWICK

ESTATE OF MAGDA L. BURT

No.: 87-310

PETITION FOR DISTRIBUTION OF BALANCE OF FUNDS

Now comes the Petitioner Roland Burt, by his Attorney, and says as follows:

1. There are substantial liquid assets being held by the Estate.

2. The Estate is well over eight(8) years old since the testator's death.

3. The residuary beneficiaries are losing opportunities and their rightful benefits by delay and failure to have said funds.

4. Contingencies are adequately covered and/or can be adequately provided for.

5. The Superior Court suit pending, entitled: Roland W. Burt, Jr. v Rhode Island Hospital Trust Individually and as Executor of the Estate of Magda Burt, CA#: 92-1285, seeks payment from the funds and liability insurance of the Executor, R.I. Hospital Trust Bank, primarily and not the Estate.

Such other grounds as deemed just.

WHEREFORE, Petitioner prays as follows:

1. Prompt distribution of the major portion of surplus funds.
2. Such other Relief as Deemed Just.

Roland Burt
Petitioner,

By His Attorney,

THOMAS W. PEARLMAN
P.O. Drawer 9007
Providence, RI 02940
Phone: (401) 726-1010
Fax : (401) 726-3406

Denied 7/3/97

FEB 2 1997

cc: Zeiler

TO: Steven E. Snow, Esquire
Partridge, Snow & Hahn
180 South Main Street
Providence, RI 02903-7120

Robert Gates, Esquire
1309 Turks Head Building
Providence, RI 02903

Marvin Homonoff, Esquire
385 South Main Street
Providence, RI 02903

John Keebler
Rural Free Delivery
Chestnut Street
Rehoboth, MA 02769

Please take notice the above matter will be called for hearing on the 3rd day of April, 1997 at 1:00 p.m.

THOMAS W. PEARLMAN

CERTIFICATION

I hereby certify on the 11th day of February, 1997, a copy of the within Petition was mailed, postage prepaid, to Steven Snow, Esquire, Robert Gates, Esquire, Marvin Homonoff, Esquire and John Keebler at their above stated addresses.

Blackstone Boulevard Terrace
750 East Avenue, Providence-Pawtucket Line

**Thomas W. Pearlman**
**Attorney at Law**

P.O. Drawer 9007
Providence, RI 02940
Telephone (401) 621-4000
(401) 726-1010
Toll Free (800) 230-4050
Fax (401) 726-3406
EIN # 05-0352755

February 1, 2002

Robert B. Gates, Esq., 1309 Turks Head Building, Providence, RI 02903
David T. Riedel, Esq., 10 Weybosset Street, Providence, RI 02903
Steven E. Snow, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903
Mark A. Sjoberg, Esq., Sjoberg & Votta Law Offices, 200 Centerville Road, Suite 4, Warwick, RI 02886

RE: Estate of Magda Burt

Gentlemen:

Enclosed herewith is the decision of Judge Ernest C. Torres, dated January 17, 2002 on this issue, which are Stare Decisive and/or Res Judicata.

I respectfully request we meet with the Probate Court on Thursday morning, February 21, 2002 to determine the necessity of a full-blown hearing.

Please advise as soon as possible.

Very truly yours,

THOMAS W. PEARLMAN

TWP:dab

cc: Roland Burt
Clerk of Court, Probate Court

Enclosure

FEB 06 2002

STATE OF RHODE ISLAND
KENT, SC.

PROBATE COURT FOR THE
CITY OF WARWICK

IN RE: ESTATE OF MAGDA L. BURT NO.: 87-310

**PETITION TO REVIEW AND RECONSIDER**

Now comes Roland Burt, beneficiary and heir-at-law and moves this Court to Review and Reconsider the valuation, sale & liquidation of the Nyman Manufacturing Stock of the decedent and as grounds therefore say as follows:

1. There has been a finding by the USDC of RI on 1/17/02 that the value per share as of 5/7/96 was $1,896.00 per share plus i.e. about ten (10) times the $200.00 per share represented to this Honorable Court as the fair market value.
2. Said findings are res judicata and stare decisive and binding on this Court.
3. Said variance in valuation was found to be breach of fiduciary duty of the officers and Directors of Nyman Manufacturing and improper, unlawful if not fraudulent conduct.
4. That your petition and others similarly situated should not suffer and be harmed by such improper conduct.
5. The Court has JURISDICTION and should see justice is done.

FEB 06 2002

6. 33-14-11 says:

> **33-14-11. Conclusiveness of settlement of accounts.** — The settlement of the accounts of an executor or administrator by the probate court, or on appeal, shall be final and conclusive on all parties concerned; provided, that upon the settlement of an account, all former accounts of the same executor or administrator may be so far opened as to correct a mistake or error apparent in the settlement.

7. 8-9-14 says:

> **8-9-14. Revocation or modification of orders or decrees.** — Any probate court may modify or revoke any order or decree made by it on an uncontested application before appeal therefrom, or, if no appeal is taken, before the time for taking an appeal has expired, and, if made in reference to the settlement of any estate, also before the final settlement thereof, upon the written application of any person interested therein, and after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of the estate and to all other interested parties; and upon any modification or revocation, there shall be the same right of and time for appeal as in case of any other order or decree.

8. <u>PUBLIC POLICY, FAIRNESS, JUSTICE & EQUITY</u>

9. Breach of Fiduciary Relationship and/or Fraudulent concealment should not be used to gain advantage especially when there was substantial concealment and misrepresentation to this Honorable Court.

10. No one should be permitted to come before this Court conveying material misrepresentation whether or not advertant and/or inadvertent.

11. There is still time and the substantial need to do substantial justice as no Final Account has been allowed.

12. Such other grounds and relief as deemed just.

Roland Burt,
By his attorney,

THOMAS W. PEARLMAN (0825)
P.O. DRAWER 9007
PROVIDENCE, RI 02940
TEL: (401) 726-1010
FAX: (401) 726-3406

Preliminary Hearing Date requested 2/21/02 at 9:30 a.m.

**Preliminary Hearing Date requested 3/21/02 at 8:30 a.m.**

STATE OF RHODE ISLAND
KENT, SC.

PROBATE COURT FOR THE
CITY OF WARWICK

IN RE: ESTATE OF MAGDA L. BURT NO.: 87-310

**AMENDED PETITION TO REVIEW AND RECONSIDER**

Now comes Roland Burt, beneficiary and heir-at-law and moves this Court to Review and Reconsider the valuation, sale & liquidation of the Nyman Manufacturing Stock of the decedent and as grounds therefore say as follows:

1. There has been two (2) findings in two USDC of RI, cases numbered C.A. No.: 98-272T and a similar decision number C.A. No.: 98-288T by Judge Torres on or about 1/17/02 that the value per share as of 5/7/96 of Nyman Manufacturing Class A Stock (2256 shares) about $2,000.00 per share or well over Four Million ($4,000,000.00) Dollars. This was well over ten (10) times the $145.00 per share wrongly represented to this Honorable Court as the fair market value of this stock in 1995 and 1996.

2. Said findings by the USDC Judge Torres on 1/17/02 should be res judicata and stare decisis and binding on this Court as to the valuation of the Estate's 2256 Class A shares.

MAR 11 2002

3. Said variance in valuation resulted from failure to disclose and concealment of plans to sell the Nyman Manufacturing business to an outsider according to Judge Torres. This was deemed to be breach of fiduciary duty by the officers and Directors of Nyman Manufacturing and improper, unlawful if not fraudulent conduct, which nullified prior transfers of Class A Stock and required disgorgement and payment of substantial damages of several millions of dollars with interest and costs.

4. That your Petitioner as beneficiary of the Estate of Magda Burt and others similarly situated should not suffer substantial losses and be harmed by such improper conduct especially since several protested and objected to the sale by the Estate of said stock at $145.00 per share.

5. The Court has JURISDICTION and should see justice is done and correct errors and mistake especially where on 2/16/02 the Judge Torres of the USDC of Rhode Island has found fraudulent concealment twice in both the two companion cases Kiepler, et al vs. Nyman, et al, C.A. No.: 98-272T and Lawton et al vs. Nyman, et al, C.A. No.: 98-288T and denied requests for a New Trial thereby affirming his finding of fraudulent conduct and failure to disclose.

6. 33-14-11 says:

> **33-14-11. Conclusiveness of settlement of accounts. —** The settlement of the accounts of an executor or administrator by the probate court, or on appeal, shall be final and conclusive on all parties concerned; provided, that upon the settlement of an account, all former accounts of the same executor or administrator may be so far opened as to correct a mistake or error apparent in the settlement.

7. 8-9-14 says:

> **8-9-14. Revocation or modification of orders or decrees. —** Any probate court may modify or revoke any order or decree made by it on an uncontested application before appeal therefrom, or, if no appeal is taken, before the time for taking an appeal has expired, and, if made in reference to the settlement of any estate, also before the final settlement thereof, upon the written application of any person interested therein, and after notice of the time and place of hearing thereon appointed by the court, given in the manner prescribed by it, to the person having charge of the estate and to all other interested parties; and upon any modification or revocation, there shall be the same right of and time for appeal as in case of any other order or decree.

8. PUBLIC POLICY, FAIRNESS, JUSTICE & EQUITY demand corrections and remedy.

9. Breach of Fiduciary Relationship and/or Fraudulent concealment should not be used to gain advantage especially when there was substantial concealment and misrepresentation to this Honorable Court as determined by aforesaid Court rulings in USDC of R.I. CA 98-272T and C.A. 98-288T.

10. No one should be permitted to come before this Court and use material misrepresentation and breach of fiduciary duties whether or not advertant and/or inadvertent in order to obtain the transfer of the Estate owned Stock of 2256 shares of Class A Stock on 11/2/95 whether or not assented to based on false information.

11. Furthermore there is a third case in the USDC RI CA NO.: 01-085T, entitled "Beverly Kiepler, as Beneficiary of the Walfred M. Nyman Trust vs. The Washington Trust Company, et als." See attached Complaint.

12. There is still time and the substantial need to do substantial justice as no Final Account has been allowed and approved by this Court.

WHEREFORE, Petitioner prays as follows:

1. The Probate Court Bond be increased to at least Fifteen Million $15,000,000.00 Dollars.
2. A full appraisal of the 2256 shares of Class A stock of the Estate of Magda L. Burt be made.
3. Nyman Manufacturing and its officers and directors be ordered to rescind the transfer of said 2256 shares of Class A Stock from this Estate.
4. Co-executor be ordered to join in the suit against the Officers and Directors of Nyman Manufacturing, i.e. C.A. 01-085T and/or KC

98-337, copies of said Complaints are attached hereto and/or institute an independent action for the aforesaid damages.

5. Such other relief and grounds as deemed just.

Roland Burt, By his attorney,

THOMAS W. PEARLMAN (0825)
P.O. DRAWER 9007
PROVIDENCE, RI 02940
TEL: 726-1010 / FAX: 726-3406

Conference requested March 21, 2002 @ 8:30 a.m.

## CERTIFICATION

I hereby certify that I have this 7th day of March 2002 mailed a true copy of the within Amended Petition to Review and Reconsider to Robert B. Gates, Esq., 1309 Turks Head Building, Providence, RI 02903, David T. Riedel, Esq., 10 Weybosset Street, Providence, RI 02903, Steven E. Snow, Esq., Partridge, Snow & Hahn, 180 South Main Street, Providence, RI 02903 and Mark A. Sjoberg, Esq., Sjoberg & Votta Law Offices, 200 Centerville Road, Suite 4, Warwick, RI 02886.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BEVERLY KIEPLER, as Beneficiary of The Walfred M. Nyman Trust, Plaintiff, | |
| vs. | C.A. NO. 00- |
| THE WASHINGTON TRUST COMPANY, Trustee of the Walfred M. Nyman Trust, and ROBERT C. NYMAN, KENNETH J. NYMAN and KEITH JOHNSON, Defendants. | CA 01 083T |

**COMPLAINT**

THE PARTIES

1. Plaintiff Beverly Kiepler is a citizen of Rehoboth, Massachusetts.

2. Defendant Washington Trust Company ("Washington Trust" or the "Trustee") is a Rhode Island-chartered bank and trust company with its principal place of business in Rhode Island.

3. Defendants Robert C. Nyman and Kenneth J. Nyman are residents and citizens of Rhode Island, and are Ms. Kiepler's brothers.

4. Defendant Keith Johnson is a resident and citizen of Rhode Island.

JURISDICTION

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity of citizenship) as the action is between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.



(1)

## FACTUAL ALLEGATIONS

6. The Walfred M. Nyman Trust (the "Trust") is an inter vivos trust established by Walfred M. Nyman, the father of Plaintiff Beverly Kiepler and Defendants Robert C. Nyman and Kenneth J. Nyman.

7. At all relevant times, Beverly Kiepler has been and continues to be a beneficiary of the Trust.

8. Other beneficiaries of the Trust include Elizabeth Nyman (Ms. Kiepler's mother); Defendant Robert C. Nyman; Defendant Kenneth J. Nyman; Judith Lawton; Kristen Branch; and other related family members.

9. Since 1996, Defendant Washington Trust has been successor Trustee under the Trust.

10. At all relevant times, the Trust owned 1,677 shares of Class A, non-voting stock of Nyman Manufacturing Company ("Nyman Manufacturing"), a closely-held corporation with a principal place of business in East Providence, Rhode Island.

11. The 1,677 shares of Class A, non-voting stock of Nyman Manufacturing were placed in the Trust by Walfred M. Nyman, who, at the time of his death in 1989, was the Chief Executive Officer of Nyman Manufacturing.

12. At all relevant times, Nyman Manufacturing was in the business of manufacturing and selling disposable food containers to the food service industry.

13. At all relevant times, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson were directors, officers and/or majority shareholders of Nyman Manufacturing.

14. As of March 31, 1995, the Trust's 1,677 shares constituted approximately

18.35% of the total outstanding shares of Nyman Manufacturing.

15. As of July 1989, 15,000 shares of stock (13,500 shares of Class A common stock and 1,500 shares of Class B voting stock) had been issued by Nyman Manufacturing.

16. In August 1989, then Chief Executive Officer of Nyman Manufacturing, Walfred Nyman, died. At the time of his death, Mr. Nyman owned 750 shares of Class B voting stock and 2,438 shares of Class A non-voting stock. The 750 shares of Class B voting stock were bequeathed to the decedent's wife, Elizabeth Nyman, under term 4.4 of an existing trust agreement.

17. At the time of Mr. Nyman's death only 1,500 shares of Class B voting stock had been issued by the Nyman Manufacturing. Of the remaining 750 shares of issued Class B voting stock, Mr. Nyman's sons, Defendants Robert C. Nyman and Kenneth J. Nyman each owned 375 shares a piece.

18. In July of 1991, Nyman Manufacturing purchased 761 shares of Class A non-voting stock from the estate of Walfred Nyman per the stock redemption agreement, to pay estate taxes.

19. In or around February 1995, Defendants Robert C. Nyman and Kenneth J. Nyman acquired from Elizabeth Nyman (wife of the decedent) 750 shares of class B voting stock that Mrs. Nyman had inherited from Walfred Nyman.

20. In or around November 1995, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, on behalf of Nyman Manufacturing, purchased from the estate of Magda Burt 2,256 shares of Class A non-voting stock. In or around May 1996, they also purchased 1,092 shares of Class A non-voting stock from the Judith Nyman

Lawton family, as well as the children of Robert and Kenneth Nyman. Moreover, in or around June 1996, they acquired for themselves an additional 4115 of Class A stock and 750 shares of Class B voting stock from the company treasury.

21. In early 1996, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson offered to buy 1,677 shares of Class A non-voting stock from the Walfred M. Nyman Trust for $145.36 per share. As a result of Beverly Kiepler's refusal, the Trust declined this offer.

22. In May of 1996, Nyman Manufacturing, through its agent, Keith Johnson, offered to purchase 700 shares of class A non-voting stock from Beverly Kiepler and Kristen Branch for $145.36 and then $200 per share. Ms. Kiepler and Ms. Branch declined this offer. However, this same stock purchase offer was made to the plaintiff's sister, Judy Nyman Lawton and her family, as well as the children of Robert and Kenneth Nyman, who did, in fact, sell shares of stock at $200 per share.

23. In September of 1997, Nyman Manufacturing stockholders sold all 15,000 issued shares of stock to Van Leer Corporation of Holland ("Van Leer"). The aforementioned Class A stock was sold to Van Leer at approximately $1822.96 per share. The Class B stock was sold at a price of approximately $2369.85 per share. At this time, Defendants Robert C. Nyman and Kenneth J. Nyman collectively controlled all the Class B voting stock issued by Nyman Manufacturing, each owning 750 shares.

24. Prior to the 1996 offer to purchase the Trust's stock at $145.36 per share, the Trust was misled as to true financial condition of Nyman Manufacturing. The Trust was not informed that a purchase of the company was being considered by a third-party. The price offered by Defendants Robert C. Nyman, Kenneth J. Nyman and Keith

Johnson to repurchase the Trust's shares of stock prior to the sale to Van Leer was less one ninth of what the stock was sold for to Van Leer. Yet the sale to Van Leer occurred approximately fifteen months after the aforementioned offer to purchase the Trust's shares was made by Nyman Manufacturing. Additionally, the markedly higher sale price of the Class B stock is inconsistent with the corporation's Fifth Amended Article which indicates that voting and non-voting shares (Class B and Class A) possess equal rights in all matters, except voting. The Trust was misled as to the value of the Class B and Class A stock, as well as the undisclosed issuance of additional shares of stock.

25. As officers of Nyman Manufacturing, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson each owed a fiduciary duty of care and loyalty to the company's shareholders, including but not limited to the Trust and the beneficiaries thereof.

26. Moreover, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, as directors, had a fiduciary duty to the Trust and the beneficiaries thereof according to the by-laws of Nyman Manufacturing.

27. The wrongful acts of Robert Nyman, Kenneth Nyman and Keith Johnson have resulted to date in two separate actions in this Court: Beverly Kiepler and Kristen Branch v. Robert Nyman, Kenneth Nyman and Keith Johnson, C.A. No. 98-272T (D.R.I.) (the "Kiepler Action"), and Judith Lawton et al. v. Robert Nyman, Kenneth Nyman, Keith Johnson and Nyman Manufacturing Co., C.A. No. 98-288T (D.R.I.) (the "Lawton Action").

28. The Kiepler Action was brought by Beverly Kiepler and Kristen Branch against Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, and

seeks damages for the same wrongful acts of these Defendants as set forth above.

29. Beginning in February 1999, Ms. Kiepler, in her capacity as beneficiary of the Trust, has repeatedly requested that Defendant Washington Trust seek relief for the substantial dilution in value of the Trust's 1,677 shares of Nyman Manufacturing Class A stock caused by the wrongful acts of Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson.

30. In addition, Ms. Kiepler, in her capacity as beneficiary of the Trust, made a demand upon the Trustee to join in the Kiepler Action as a party plaintiff.

31. The Trustee failed to join in the Kiepler Action.

32. On or around September 2000, the Trustee filed a "Petition for Instructions" in the Washington County Superior Court regarding Ms. Kiepler's demand that the Trustee join in the Kiepler Action as a party plaintiff.

33. On or around January 26, 20001, the Court dismissed the Petition for Instructions as moot, as the trial of the Kiepler Action was completed.

34. To date, Washington Trust has failed to take any action to seek relief for the substantial dilution in value of the Trust's 1,677 shares of Nyman Manufacturing Class A stock caused by the wrongful acts of Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson.

## COUNT I

## BREACH OF FIDUCIARY DUTY BY ENGAGING IN SELF-DEALING

(Against Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson)

35. Plaintiff reincorporates and reasserts Paragraphs 1-34 by reference.

36. As officers, directors and/or majority shareholders of Nyman Manufacturing, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson each had a fiduciary obligation to the company's shareholders, including but not limited to the Walfred M. Nyman Trust and the beneficiaries thereof.

37. Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson breached their fiduciary duty of care and loyalty to the Trust by engaging in self-dealing. Said self-dealing resulted in the issuance of additional shares of stock and options for shares at significantly less than fair market value to Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, without the Trust's knowledge and in contravention to corporate by-laws. Thus, Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson diluted the value of the existing stock held by the Trust.

38. As a direct result of the breach of fiduciary duty of care and loyalty by Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, the stock owned by the Trust for the beneficiaries thereof was devalued and the Trust suffered extreme pecuniary loss.

WHEREFORE, as the result of the self-dealing of Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson, the Trust and the beneficiaries thereof have suffered pecuniary loss and Plaintiff, on behalf of the Trust, is seeking damages as may be proven at trial, including interest, costs and attorney's fees.

## COUNT II

## BREACH OF FIDUCIARY DUTY
(Against Defendant The Washington Trust Company)

39. The Plaintiff reincorporates and reasserts Paragraphs 1-38 by reference.

40. As Trustee of the Walfred M. Nyman Trust, Defendant The Washington Trust Company owed a fiduciary duty to the beneficiaries of the Trust, including Ms. Kiepler.

41. The Defendant Trustee breached its fiduciary duties to the beneficiaries of the Trust, including Ms. Kiepler, by failing to protect the assets of the Trust.

42. The Defendant Trustee breached its fiduciary duties to the beneficiaries of the Trust, including Ms. Kiepler, by failing to assert any claim or take any action against Defendants Robert C. Nyman, Kenneth J. Nyman and Keith Johnson based on these Defendants' wrongful acts that resulted in a substantial diminution in the value of the 1,677 shares of Nyman Manufacturing Class A stock owned by the Trust.

43. As a direct result of the Defendant Trustee's breach of fiduciary duties, the beneficiaries of the Trust, including Ms. Kiepler, have suffered pecuniary loss and are seeking damages as may be proven at trial, including interest, costs and attorney's fees.

WHEREFORE, as the result of the Defendant Trustee's breach of fiduciary duties, Beverly Kiepler and the other Trust beneficiaries have suffered pecuniary loss and Plaintiff is seeking damages as may be proven at trial, including interest, costs and attorney's fees.

For the Plaintiff,

PAUL V. CURCIO (#1965)
JAMES R. OSWALD (#5727)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
(401) 274-7200
Fax: (401) 751-0604/351-4607
Date: February 10, 2001

121448_1.doc

STATE OF RHODE ISLAND
KENT, SC.

SUPERIOR COURT

BEVERLY J. KIEPLER,
Appellant

vs.

P.P. No. KC98-337

ROBERT B. GATES and RHODE ISLAND HOSPITAL TRUST NATIONAL BANK, Alias, Co-executors of the will of Magda L. Burt, Alias, resident decedent of Warwick, Rhode Island,
Appellees

**REASONS OF APPEAL**

Now comes BEVERLY J. KIEPLER ("Appellant"), through counsel, and respectfully represents as follows:

**PARTIES AND TRAVEL OF THE CASE**

1. MAGDA L. BURT, Alias Magda Lillian (Nyman) Burt ("Decedent") is a resident decedent of Warwick, Rhode Island who died testate on August 30, 1987 ("Date of Death").

2. Decedent's Last Will and Testament dated January 22, 1981 ("Will") was admitted to probate by the Warwick Probate Court ("Probate Court") on October 8, 1987 in Estate No. 87-310.

3. Appellees, ROBERT B. GATES ("Gates") and RHODE ISLAND HOSPITAL TRUST NATIONAL BANK ("Hospital Trust"), (collectively "Co-executors"), were appointed co-executors of Decedent's Will and letters testamentary issued by the Probate Court Clerk on October 8, 1987.

4. Co-executors qualified by filing appointment bonds without surety in the sum of $2,500,000.00 on or about October 8, 1987 and filing additional bonds without surety in the sum of $1,767,000.00 on or about June 20, 1988 as ordered by the Probate Court.

5. On or about June 10, 1988, Co-executors (and co-appraisers) filed an inventory of Decedent's personal estate with the Probate Court

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

which included, inter alia, 2,256 shares of the Class A non-voting common stock of Nyman Mfg. Co. ("Nyman Stock") valued at $383.04 per share or $864,138.24 as of Decedent's Date of Death.

6. On or about May 24, 1988, Co-executors filed a United States Estate Tax Return with the Internal Revenue Service certifying the assets of Decedent's taxable estate which included, inter alia, 2,256 shares of the Nyman Stock valued at $383.04 per share or $864,138.24 as of the Decedent's Date of Death.

7. After audit, the value of the Nyman Stock as of Decedent's Date of Death was amended by agreement between the Internal Revenue Service and the Co-executors to $909,958.00 or $403.35 per share.

8. On or about October 19, 1995, the Probate Court allowed the Co-executors' Amended First Account for the period October 8, 1987 to June 2, 1995 ("Account") which carried the Nyman Stock on Schedule C-1 thereof entitled, "Principal remaining on hand," as an asset on hand at the inventory value of $864,138.24 or $383.04 per share.

9. At all relevant times herein, the liquidation of the Nyman Stock was not required to pay the debts and expenses of the Decedent nor the charges of her estate.

10. At all relevant times herein, there existed no impediment which prevented the Co-executors from distributing the Nyman Stock in kind and in equal shares to the residuary beneficiaries under Decedent's Will.

11. On or about November 2, 1995, Co-executors sold the Nyman Stock to Nyman Mfg. Co. for $327,932.00 or $145.36 per share.

12. On or about September 29, 1997, the Nyman Stock was acquired by Van Leer Corporation, a Massachusetts corporation, for $4,081,104 or $1,809.00 per share.



SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

13. Appellant BEVERLY J. KIEPLER is a resident of Rehoboth, Massachusetts, a niece of the Decedent, a residuary beneficiary under Decedent's Will and an interested party in Decedent's estate.

14. Appellant is aggrieved by the orders and decrees entered on April 16, 1998 whereby the Probate Court in Estate No. 87-310 denied her petition to remove Gates and Hospital Trust as Co-executors of Decedent's Will and overruled her objection to the valuation of the Nyman Stock on the Co-executors' inventory and at all relevant times prior to its disposition by the Co-executors.

15. That within twenty (20) days of the entry of said orders and decrees, to wit, on April 23, 1998, Appellant filed in the Probate Court a claim of appeal to the Kent County Superior Court, together with a request for a certified copy of said claim of appeal and of the record of the proceedings appealed from, and paid the Probate Court Clerk the lawful fee therefor.

NOW, THEREFORE, Appellant comes within thirty (30) days of the entry of said orders and decrees and files herewith in the Kent County Superior Court, a certified copy of said claim of appeal and record of proceedings appealed from, and these, her reasons of appeal, specifically stated in accordance with Rhode Island General Law 1956 (1995 Reenactment)("RIGL") §33-23-1, and for Reasons of Appeal states as follows:

**REASONS OF APPEAL**

1. That said orders and decrees are contrary to the law.

2. That said orders and decrees are contrary to the evidence.

3. That said orders and decrees are contrary to law and the evidence and the weight thereof.

4. That said orders and decrees are erroneous, in other respects



SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

illegal and void, and should be reversed.

5. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have become incapable of executing said trust.

6. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have neglected and refused to do the duties thereof.

7. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have wasted said estate.

8. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to render a true and complete inventory, upon oath, of all the goods, chattels, rights and credits of the Decedent together with an appraisement thereof as by law required.

9. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to administer according to law and the Decedent's Will all of the Decedent's personal property, including the Nyman Stock.

10. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to render a true and complete account, upon oath, of their administration of the estate of Decedent as by law required.

11. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have violated the conditions of their respective bonds pursuant to RIGL §33-17-1(1).

12. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have breached their fiduciary duty to the Probate Court, the Decedent and the beneficiaries of Decedent's



SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

Will.

13. Appellant is informed and believes, and upon such information and belief, alleges that the valuation of the Nyman Stock as set forth on the Universal Inventory filed with the Probate Court on or about June 10, 1988 by the Co-executors is erroneous, incomplete, inaccurate and should be stricken.

14. Appellant is informed and believes, and upon such information and belief, alleges that the valuation of the Nyman Stock as set forth on Schedule C-1 of the Account is erroneous, incomplete, inaccurate and should be stricken.

15. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have failed to secure the best price obtainable for the Nyman Stock.

16. Appellant is informed and believes, and upon such information and belief, alleges that at all relevant times herein, Co-executors have failed to obtain independent assessment, appraisal and verification of the value of the Nyman Stock.

17. Appellant is informed and believes, and upon such information and belief, alleges that at all relevant times herein, Co-executors have failed to exercise due diligence in the liquidation of the Nyman Stock.

18. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors consummated the sale of the Nyman Stock to Nyman Mfg. Co. for less than fair market value without the consent and approval of the residuary beneficiaries of Decedent's Will being the equitable owners thereof.

19. Appellant is informed and believes, and upon such information and belief, alleges that Co-executors have breached their fiduciary duty and failed to exercise due diligence as holders of the Nyman Stock.

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

20. That said orders and decrees should be reversed.

21. That the attorney for the Co-executors is Steven E. Snow, Esq., PARTRIDGE SNOW & HAHN, 180 South Main Street, Providence, RI 02903-7120.

22. That the names and addresses of Appellees are:

Robert B. Gates, Esq., 1309 Turks Head Building, Providence, RI 02903 (Co-executor of Decedent's Will) and

Robert J. Tyler, Jr., RHODE ISLAND HOSPITAL TRUST, One Hospital Trust Plaza, Providence, RI 02903 (Co-executor of Decedent's Will).

22. That the name and address of Appellant is Beverly J. Kiepler, 40 Chestnut Street, Rehoboth, MA 02769.

23. That the attorney for Appellant is Mark A. Sjoberg, Esq., SJOBERG & VOTTA LAW OFFICES, 200 Centerville Road, Suite 4, Warwick, RI 02886.

WHEREFORE, Appellant having appealed from said orders and decrees as aforesaid, prays as follows:

A. That said orders and decrees of the Probate Court be reversed and set aside;

B. That Gates and Hospital Trust be removed as Co-executors of Decedent's Will;

C. That some suitable disinterested person be appointed Administrator D.B.N.C.T.A. of Decedent's Will;

D. For judgment against Decedent's estate for attorney's fees and costs of suit;

E. For judgment against Gates and Hospital Trust on their bonds, jointly and severally, for compensatory damages; and

F. For such other and further relief as this Honorable Court deems just and proper.

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886

Beverly J. Kiepler, Appellant,
By Her Attorneys,

Mark A. Sjoberg, Esq. (#2427)
SJOBERG & VOTTA LAW OFFICES
200 Centerville Road, Suite 4
Warwick, RI 02886
(401) 737-9696

DATED: April 30, 1998

CLAIM OF JURY TRIAL

Appellant hereby declares that there are matters of fact in controversy and hereby claims a trial by jury on all factual issues.

Appellant, By:

Mark A. Sjoberg, Esq.
SJOBERG & VOTTA LAW OFFICES

VERIFICATION

Beverly J. Kiepler

STATE OF RHODE ISLAND
COUNTY OF KENT

In Warwick on the 29th day of April, 1998 before me personally appeared Beverly J. Kiepler, who made oath that she subscribed the foregoing document, that she knows the contents thereof and that the same are true, excepting those matters stated on information and belief, and as to those matters she believes them to be true.

NOTARY PUBLIC
(My Commission expires

**MARK A. SJOBERG**
NOTARY PUBLIC
State of Rhode Island Comm. No. 15752
Commission Expires July 3, 2001

F:\..\probate
app-burt.wpd
042098mas
042198rev

SV
SJOBERG & VOTTA
Law Offices
200 Centerville Road
Warwick, RI 02886