# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE BEVERLY KIEPLER
Plaintiffs

v.

ROLAND W. BURT, Jr.
Defendant

**C.A. No. 06-394-S-LDA**

## DEFENDANTS MOTION FOR SUMMARY JUDGMENT

Roland W. Burt, Jr., (Defendant) moves for summary judgment. The defendant is entitled to summary judgment because the undisputed facts demonstrate that the consent order was never entered into by him and that Thomas W. Pearlman possessed no actual or apparent authority to enter into consent order on Mr. Burt's behalf. In fact Mr. Pearlman was under written order not to enter into the consent order. The consent order should be declared invalid and unenforceable. In support of this motion defendant relies on a accompanying memorandum of law.

# CERTIFICATION

I hereby certify that on February 2, 2007, I mailed a copy of the within Defendants Motion For Summary Judgment, by First Class mail to:

Steven E. Snow, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, R.I. 02903

Karen A. Pelczarski, Esq.
Staci L. Kolb, Esq.
Blish & Cavanagh LLP
Commerce Center
30 Exchange Terrace
Providence, R.I. 02903

Joseph A. Keough, Jr., Esq.
Keough & Sweeny, Ltd.
100 Armistice Boulevard
Pawtucket, R.I. 02860

Mark A. Sjoberg, Esq.
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, R.I. 02886

Roland W. Burt, Jr., *Pro se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE BEVERLY KIEPLER<br>Plaintiffs | **C.A. No. 06-394-S-LDA** |
| v. | |
| ROLAND W. BURT, Jr.<br>Defendant | |

**DEFENDANTS MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

Defendant, Roland W. Burt, Jr. submits the following memorandum of law in support of his motion for summary judgment. Thomas W. Pearlman, Esq., counsel for Roland W. Burt, Jr. and Raymond Cyr unilaterally entered into a consent order without their consent or authority to do so and without notice of intent and with full knowledge of the financial harm that could result from his actions. Roland W. Burt, Jr. has already filed with the Rhode Island Superior court and now with this court, a claim to vacate order of consent as provided for by the Rhode Island General Laws 33-23-1 that a party may vacate an order of consent if he was never a party to the consent in the first place. In addition defendant relies on the Rhode Island General Laws, Rules of

Professional Conduct 1.8(a):

"A lawyer shall not *** knowingly acquire *** security or other pecuniary interest adverse to a client unless:
(1) the transaction and terms on which the lawyer acquires the interest are fair and reasonable to the client and are fully disclosed and transmitted in writing to the client in manner which can be reasonably understood by the client;
(2) the client is given a reasonable opportunity to seek the advice of independent counsel in the transaction: and
(3) the client consents in writing thereto."

Defendant also relies on his 5th amendment right under the constitution to protect his property (inheritance) as stated in original answer to complaint. Also, defendant resubmits questions as to jurisdiction in the due process afforded him, the contract that he did not enter has a mandatory arbitration clause which was bypassed in lieu of a direct action in the federal court, with no petition from the probate court and by the very wording of the litigation agreement residual beneficiaries or their desires for this action are not made clear. The actions requested by alleged members of the group or how many there are is vague.