UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE OF BEVERLY KIEPLER, | : | |
| Plaintiffs | : | |
| v. | : | C.A. No. 06-394-S-LDA |
| ROLAND W. BURT, JR., | : | |
| Defendant | : | |

**PLAINTIFF, JUDITH A. LAWTON'S OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO STRIKE**

Plaintiff, Judith A. Lawton ("Lawton") hereby objects to Defendant Roland W. Burt, Jr.'s Motion for Summary Judgment. Lawton also joins in Plaintiff Bank of America's Motion to Strike Defendant's Motion for Summary Judgment based on Defendant's failure to comply with LR Cv 56, including Defendant's failure to file a Statement of Undisputed Facts in support of his Motion. In support hereof, Lawton relies upon the accompanying Memorandum of Law filed herewith, as well as the Memorandum of Law filed by Plaintiff, Bank of America, N.A.

JUDITH A. LAWTON
By her Attorneys,

BLISH & CAVANAGH, LLP

/s/ Karen A. Pelczarski
/s/ Staci L. Kolb

Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
30 Exchange Terrace
Providence, Rhode Island 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
kap@blishcavlaw.com
slk@blishcavlaw.com

DATED: February 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff, Judith A. Lawton's Objection to Defendant's Motion for Summary Judgment and Motion to Strike was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of February, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Steven E. Snow, Esq.
ses@psh.com

Mark A. Sjoberg, Esq.
mas@sjoberglaw.com

and has been sent by prepaid first class mail addressed to:

Roland W. Burt
24 Lester Street
Rumford, RI 02906

Joseph A. Keough, Jr., Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

/s/ Staci L. Kolb

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| BANK OF AMERICA, N.A. JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE OF BEVERLY KIEPLER, Plaintiffs | : | |
| v. | : | C.A. No. 06-394-S-LDA |
| ROLAND W. BURT, JR., Defendant | : | |

**PLAINTIFF JUDITH A. LAWTON'S MEMORANDUM OF LAW IN SUPPORT OF HER OBJECTION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO STRIKE**

This Memorandum of Law is submitted on behalf of Judith A. Lawton ("Lawton") in support of her objection to Defendant Roland W. Burt, Jr.'s ("Burt's") Motion for Summary Judgment and her Motion to Strike.[1]

**Standard of Review for Summary Judgment**

Rather than file an objection to Plaintiffs' Motion for Summary Judgment as instructed by this Court on January 3, 2007, Burt filed his own Motion for Summary Judgment. Cross-motions for summary judgment require the court to "determine whether either of the parties deserves judgment as a matter of law on facts that are not disputed." *Bartlett v. American Power Conversion, Corp.*, 2006 U.S. Dist. LEXIS 72994, *citing, Barnes v. Fleet Nat'l Bank, N.A.*, 370 F.3d 164, 170 (1st Cir. 2004). Likewise, the legal standard for summary judgment is not changed

[1]In support of her Objection to Burt's Motion for Summary Judgment and Motion to Strike, Lawton relies on the Memorandum of Law filed by Plaintiff Bank of America, N.A. Lawton also relies upon and incorporates by this reference Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Summary Judgment, filed on or about December 8, 2006 and the accompanying Statement of Undisputed Facts.

when parties file cross-motions for summary judgment. *Id., citing Adria Int'l Group, Inc. v. Ferre Dev., Inc.,* 241 F.3d 103, 107 (1st Cir. 2001). Rather, the court rules on each party's motion on an "individual and separate basis," thereby determining, for each party, "whether a judgment may be entered in accordance with the Rule 56 standard." *Id., citing Bienkowski v. Northeastern University,* 285 F.3d 138, 140 (1st Cir. 2002).

**Argument**

The Local Rules for the United States District Court for the District of Rhode Island (sometimes referred to as the "Local Rules") pertaining specifically to summary judgment motions provide that "[i]n addition to the memorandum of law required by LR Cv 7, a motion for summary judgment shall be accompanied by a Statement of Undisputed Facts that concisely sets forth all facts that the movant contends are undisputed and entitle the movant to judgment as a matter of law." LR Cv 56(a)(1). The Local Rules further require that each "fact in a Statement of Undisputed Facts shall be set forth in a separate, numbered paragraph and shall identify the evidence establishing that fact, including the page and line of any document to which reference is made, unless opposing counsel has expressly acknowledged that the fact is undisputed." LR Cv 56(a)(2). The Court may then assume those facts are admitted to exist "unless expressly denied or otherwise controverted by a party objecting to the motion." LR Cv 56(a)(3).

Defendant Burt has utterly failed to meet these requirements. Burt's Motion for Summary Judgment was filed with this court on February 2, 2007. Burt failed to file a separate Statement of Undisputed facts as required by LR Cv 56(a). Furthermore, Burt failed to set forth each fact in a separately numbered paragraph, nor has he identified the evidence establishing such fact in violation of LR Cv 56(a).

In *Bartlett v. American Power Conversion Corp.,* 2006 U.S. Dist. LEXIS 72294, a *pro se* plaintiff similarly disregarded the local rules when filing a cross-motion for summary judgment.

The Court explained that:

> Valid local rules are an important vehicle by which courts operate. Such rules carry the force of law, and they are binding upon the litigants and upon the court itself.

*Id., citing, Air Line Pilots Ass'n v. Precision Valley Aviation,* 26 F.3d 220, 224 (1st Cir. 1994). *Bartlett* specifically recognized that it gave the plaintiff "some latitude" given her *pro se* status, however, the Court stated that *pro se* litigants are not "excused from compliance with procedural or substantive law." *Id., citing, Eagle Eye Fishing Corp. v. U.S. Dep't of Commerce,* 20 F.3d 503, 506 (1st Cir. 1994). Thus, the Court found that the *pro se* plaintiff's failure to comply with the requirements of the Local Rules resulted in it adopting the facts provided by the defendants in its Statement of Undisputed Facts. *Id. See also Ruiz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir. 2000)(finding in a similar context that "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted").

This Court should find similarly.[2] Thus, Burt's failure to comply with the local rules should result in this Court adopting the facts provided in Plaintiffs' Statement of Undisputed Facts in support of Plaintiffs' Motion for Summary Judgment. In so doing, this Court should find that the undisputed facts demonstrate that: (1) the Consent Order entered into by all parties was agreed to by Mr. Thomas Pearlman, Esq., in his capacity as Burt's counsel; (2) as Burt's counsel and as a matter of law, Mr. Pearlman possessed actual and apparent authority to enter into the Consent Order on Burt's behalf; and (3) the consent Order should be declared valid and enforceable and Mr. Burt should be ordered to comply with its terms.

---

[2]Like *Bartlett, supra,* this Court has given Burt considerable latitude given his *pro se* status, including, but not limited to: extending the time within which Burt was to respond to plaintiffs' Motion for summary judgment; encouraging Burt to obtain counsel; and granting Burt leave to obtain counsel.

Alternatively, this Court should strike Burt's Motion for failure to comply with LR Cv 56.

**Conclusion**

For the foregoing reasons, Burt's Motion for Summary Judgment should be denied. Alternatively, it should be stricken for failure to comply with LR Cv 56.

JUDITH A. LAWTON
By her Attorneys,

BLISH & CAVANAGH, LLP

/s/ Karen A. Pelczarski
/s/ Staci L. Kolb
Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
30 Exchange Terrace
Providence, Rhode Island 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
kap@blishcavlaw.com
slk@blishcavlaw.com

DATED: February 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff, Judith A. Lawton's Objection to Defendant's Motion for Summary Judgment and Motion to Strike was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of February, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Steven E. Snow, Esq.
ses@psh.com

Mark A. Sjoberg, Esq.
mas@sjoberglaw.com

and has been sent by prepaid first class mail addressed to:

Roland W. Burt
24 Lester Street
Rumford, RI 02906

Joseph A. Keough, Jr., Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

/s/ Staci L. Kolb