UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BANK OF AMERICA, N.A. JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE OF BEVERLY KIEPLER,

Plaintiffs

v. C.A. No. 06-394-S-LDA

ROLAND W. BURT, JR.,

Defendant

**PLAINTIFF JUDITH A. LAWTON'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT**

This Reply Memorandum of Law is submitted on behalf of Plaintiff Judith A. Lawton ("Lawton") in further support of Plaintiffs' Motion for Summary Judgment against Defendant Roland W. Burt, Jr.("Burt").[1]

**Argument**

Burt initially failed to file a timely response to Plaintiffs' Motion for Summary Judgment. Despite being afforded an additional thirty days to object, Burt has failed to do so.[2] Burt has also failed to file a Statement of Disputed and/or Undisputed Facts that he contends preclude summary judgment as is permitted by the Local Rules for the United States District Court for the District of Rhode Island. Without such objection or designation of disputed and/or undisputed

---

[1]Lawton also relies on the Reply Memorandum of Law filed by Plaintiff Bank of America, N.A. and the Memorandum of Law she filed in Support of her Objection to Burt's Motion for Summary Judgment.

[2]Rather, Burt filed his own Motion for Summary Judgment on or about February 2, 2007. However, Burt's Motion for Summary Judgment has procedural problems and is replete with conclusory allegations, unsupported beliefs and irrelevant references, none of which is sufficient to defeat Plaintiffs' Motion for Summary Judgment.

facts, this Court should adopt the Statement of Undisputed Facts provided by plaintiffs accompanying their Motion for Summary Judgment. *See Bartlett v. American Power Conversion, Corp.,* 2006 U.S. Dist. LEXIS 72994 and *Ruiz Rivera v. Riley,* 209 F.3d 24, 28 (1st Cir. 2000)(finding in a similar context that "failure to present a statement of disputed facts, embroidered with specific citations to the record, justifies the court's deeming the facts presented in the movant's statement of undisputed facts admitted"). In so doing, this Court should also find that the undisputed facts demonstrate that: (1) the Consent Order entered into by all parties was agreed to by Mr. Thomas Pearlman, Esq., in his capacity as Burt's counsel; (2) as Burt's counsel and as a matter of law, Mr. Pearlman possessed actual and apparent authority to enter into the Consent Order on Burt's behalf; and (3) the consent Order should be declared valid and enforceable and Mr. Burt should be ordered to comply with its terms.

**Conclusion**

For the foregoing reasons, as well as the reasons set forth in their original Memorandum, Plaintiffs' Motion for Summary Judgment should be granted.

JUDITH A. LAWTON
By her Attorneys,

BLISH & CAVANAGH, LLP

/s/ Karen A. Pelczarski
/s/ Staci L. Kolb

Karen A. Pelczarski (#3357)
Staci L. Kolb (#5451)
30 Exchange Terrace
Providence, Rhode Island 02903-1765
Telephone: (401) 831-8900
Facsimile: (401) 751-7542
kap@blishcavlaw.com
slk@blishcavlaw.com

DATED: February 8, 2007

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Plaintiff, Judith A. Lawton's Objection to Defendant's Motion for Summary Judgment and Motion to Strike was filed with the Clerk of the United States District Court for the District of Rhode Island this 8th day of February, 2007 and is available for viewing and downloading to the following ECF registered counsel of record:

Steven E. Snow, Esq.
ses@psh.com

Mark A. Sjoberg, Esq.
mas@sjoberglaw.com

and has been sent by prepaid first class mail addressed to:

Roland W. Burt
24 Lester Street
Rumford, RI 02906

Joseph A. Keough, Jr., Esq.
Keough & Sweeney
100 Armistice Boulevard
Pawtucket, RI 02860

/s/ Staci L. Kolb

F:\DOCS\SLK\burt\reply.mem