**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE BEVERLY KIEPLER
Plaintiffs

**C.A. No. 06-394-S-LDA**

v.

ROLAND W. BURT, Jr.
Defendant

## DEFENDANTS REPLY MEMORANDUM FOR DETERMINATION OF SUMMARY JUDGMENT

Now comes Roland W. Burt, Jr. to answer to motions for summary judgment. This case arises out of an action for declaratory judgment pursuant to 28 U.S.C . 2201 and injunctive relief for defendants alleged breach of a consent order.

The defendant stands behind his answer to complaint that he was never a party to said consent order. Exhibit A of Rule 12.1 Statement of Undisputed Facts. Some time after March 14, 2006 the defendant received a litigation agreement (contract) from lawyer Thomas W. Pearlman. This contract was declined by the defendant Roland W. Burt, Jr. and another co-beneficiary Raymond Cyr.

Plaintiffs allege that Thomas W. Pearlmans' actions were proper. If they refer to his sending a copy of the contract and letter of agreement, which would be required under state law, the defendant believes they are correct. It is required under the rules of the Rhode Island Supreme Court Article V Rule 1.5 (a) and 1.8 (a) Exhibit B of Rule 12.1 Statement of undisputed facts . However if they refer to their entering into a written

agreement with him on the plaintiffs behalf, that because they believe the defendant held him out as his attorney, at one time, should in no way bind Mr. Burt to an agreement which he declined to from the first time he ever saw it and made it well known in writing. In this case Thomas W. Pearlman was one of several lawyers who represented the defendant over the years of this estate matter and for this estate matter. He was never held out by the defendant as anything, in fact their friendship far out weighed any legal ties or business ties they may have had as stated in writing in previous hearings. In reference to this matter the defendant has no lawyer client retainer agreement of any kind in effect. And to his knowledge never did. In reference to complying with LR Cv 56 the defendant Roland W. Burt believes he complied to the discretionary orders of the court to the best of his ability.

**Conclusion**

For the foregoing reasons and information presented to the court in previous motions and information contained in Rule 12.1 Statements of Undisputed Facts defendant Burt's motion for summary judgment should be upheld.

Roland W. Burt, Jr.
*Pro se*

2/28/07

Roland W. Burt, Jr.
24 Lester Street
Rumford, R.I. 02916
(401) 435-3436