KEOUGH & SWEENEY, LTD.
ATTORNEYS AND COUNSELORS AT LAW
100 ARMISTICE BOULEVARD
PAWTUCKET, RHODE ISLAND 02860

JOSEPH A. KEOUGH JR.*
JEROME V. SWEENEY III*

SEAN P. KEOUGH*
MARGARET HOGAN SWEENEY*

JEROME V. SWEENEY II
OF COUNSEL

*ADMITTED TO PRACTICE IN
RHODE ISLAND & MASSACHUSETTS

TELEPHONE
(401) 724-3600
FACSIMILE
(401) 724-9909

www.keoughsweeney.com

BOSTON OFFICE:
171 MILK STREET
SUITE 30
BOSTON, MA 02109
TEL (617) 574-0054
FAX (617) 451-1914

March 14, 2006

I will sign if you OK in writing
RWR

Karen Pelczarski, Esquire
Blish & Cavanagh, LLP
Commerce Center
30 Exchange Terrace
Providence, RI 02903-1765

***Re: Estate of Magda Burt***

Dear Karen:

Enclosed please find five (5) copies of the Joint Interest Confidentiality and Litigation Agreement which have been signed by myself and Russell Weddell. Please arrange to sign these Agreements and forward them to either Mark Sjoberg or Tom Pearlman.

Thank you for your attention to this matter.

Sincerely,

Joseph A. Keough, Jr.

JAK/kf
Enclosures
cc: Mark Sjoberg, Esq.
Thomas Pearlman, Esq.
Russell R. Weddell, Esq.

CLIENTS COPY

Exhibit A

**JOINT INTEREST, CONFIDENTIALITY AND LITIGATION AGREEMENT**

WHEREAS, several of the ten beneficiaries of the Estate of Magda Burt have initiated various pending proceedings and/or are contemplating initiating proceedings in various courts, including but not limited to:

(1) Roland W. Burt and Raymond Cyr, Jr. have filed suit against Rhode Island Hospital Trust National Bank, Robert Gates, Nyman Mfg. Co., Robert Nyman, Kenneth Nyman and Keith Johnson in the Rhode Island Superior Court, Kent County;

(2) Beverly Kiepler has filed probate proceedings in the Warwick Probate Court and has also filed a probate appeal in the Rhode Island Superior Court, Kent County;

(3) Joan Grant, Joyce Hendricks, Janice Leffingwell and Carol Lincoln have filed suit against Fleet National Bank f/k/a Rhode Island Hospital Trust National Bank ., Robert Gates, Robert Nyman, Kenneth Nyman and Keith Johnson in the Rhode Island Superior Court, Providence County; and

(4) Judith Lawton has filed suit in the United States District Court for the District of Rhode Island against Bank of America Corp. and Robert Gates, known as *Lawton v. Bank of America Corp., et al.* CA No. 05-503S.

WHEREAS, Janis B. Fisher and David Gilmore, who are also beneficiaries of the Estate of Magda Burt, are not currently parties to any pending actions but, upon information and belief, are interested in protecting any rights and/or claims they may have against Bank of America Corp. and/or Robert Gates as co-executors of the Estate

of Magda Burt;

WHEREAS, it is anticipated that the Warwick Probate Court will authorize all ten (10) of the Beneficiaries of the Estate of Magda Burt (collectively "the Beneficiaries") to file suit on the bond of Robert Gates and Bank of America Corp. in their capacities as co-executors of the Estate of Magda Burt;

WHEREAS, it is further anticipated that the Beneficiaries' suit on the Bond as authorized by the Warwick Probate Court will be prosecuted in the United States District Court for the District of Rhode Island separately or as part of Judith Lawton's currently pending federal action (*Lawton v. Bank of America Corp., et al.* CA No. 05-503S) (hereinafter, the "Bond Litigation");

WHEREAS, the Beneficiaries share common legal interests and factual issues in their respective claims and/or potential claims against Bank of America Corp. and Robert Gates;

WHEREAS, the Beneficiaries wish to continue to pursue their separate but common interests, and to avoid any suggestion of waiver of the confidentiality or immunity of communications and documents protected by the attorney-client privilege, the attorney work product doctrine or any privilege or immunity vis-à-vis potentially adverse parties; and

WHEREAS, it is the purpose of this Agreement to:

(1) ensure that any exchange and/or disclosure of information among the undersigned counsel (hereinafter, "Counsel") does not diminish in any way any rights of confidentiality and does not constitute a waiver of any privilege or immunity otherwise available, including

but not limited to the attorney -client privilege, and the attorney work product doctrine; and

(2) create a joint effort by Counsel to most expeditiously and fairly resolve and/or litigate the common claims of the Beneficiaries against Robert Gates and the Bank of America Corp. and prosecute the Bond Litigation in recognition of the Beneficiaries' shared common legal interests.

NOW THEREFORE, in order to memorialize in this Agreement the understanding and agreement under which Counsel have already engaged in common interest communications, Counsel agree as follows:

1. ***Scope of Agreement.*** It is the intention of this Agreement to cover any and all past, present, and future litigation related to the claims of the Beneficiaries against co-executors Bank of America Corp. and Robert Gates, including but not limited to the pending actions described above, as well as the Bond Litigation.

2. ***Common Interest in Litigation and Applicability of Joint Interest Doctrine.*** Counsel and the Beneficiaries have mutually concluded that they all have interests in common with respect to the claims they have or may have against Robert Gates and the Bank of America Corp. as co-executors of the Estate of Magda Burt. They have also concluded that their mutual interests will be best served by sharing confidential, proprietary, or privileged documents, factual material, mental impressions, memoranda, interview reports, experts' reports, litigation strategies, and other oral or written information, including the confidences of the Beneficiaries, hereinafter referred

to as "Materials." Some or all of these Materials may be privileged from disclosure to adverse or other parties as a result of the attorney-client privilege, the work-product privilege, the Sixth Amendment to the United States Constitution, and other applicable privileges, rights, or rules.

3. ***Communications Do Not Waive the Privileges and Rights.*** It was and is the mutual understanding of Counsel that the exchanges and disclosures of Materials among Counsel and the Beneficiaries are not intended to diminish in any way the confidentiality of the Materials, and that any exchange of Materials is not intended to and will not be deemed to constitute a waiver of any available privilege or right. Therefore, all communications among or between Counsel and the Beneficiaries relating to the furtherance of the Bond Litigation or any other claims that the Beneficiaries had, have, or in the future may have, against co-executors Robert Gates and/or Bank of America Corp., are confidential, and no privilege shall be deemed to be waived with respect to, or as a result of, such communications.

4. ***Notice to All Persons With Access to the Materials.*** All persons permitted access to the Materials, including employees, agents, principals, or persons associated with any Beneficiary or Counsel, shall be advised that the Materials are or may be privileged and are subject to the terms of this Agreement.

5. ***Agreement Not to Disclose to Third Parties.*** Counsel shall not disclose privileged Materials to anyone other than to each other or the Beneficiaries, attorneys with Counsels' firms, their employees or agents, without first obtaining written consent of Counsel. Materials that have been shared, and the information contained therein, are

to be used solely in the preparation of claims or defenses of the Beneficiaries to be raised in the Bond Litigation.

6. ***Disclosures By Court Order.*** If any person or entity requests or demands, by subpoena or otherwise, any Materials, Counsel shall: (a) assert all applicable rights, privileges, and immunities with regard to said Materials in the absence of written waivers or consent; and (b) immediately notify all Counsel as soon as possible in order to permit other Counsel and/or Beneficiaries to intervene.

7. ***The Bond Litigation.*** Counsel agree that based on the common interests and common claims of the Beneficiaries against Robert Gates and the Bank of America Corp. and in connection with the Bond Litigation, it is most beneficial for each Beneficiary to remain consistent and united in his or her legal positions and strategies with each other Beneficiary. It is therefore agreed that Joseph A. Keough, Jr., of Keough & Sweeney, Ltd. and Russell R. Weddell of Teixieira and Weddell will act as liaison counsel among all Counsel. Liaison Counsel will, as practicable, be responsible for the preparation of all joint pleadings and discovery and act as lead trial counsel. It is also agreed that, unless impracticable, no pleadings, discovery, motions, proposed orders, correspondence to opposing counsel, settlement demands, etc., will be filed or sent without all Counsel first having reviewed such documents.

8. ***Attorneys' Fees and Costs.*** It is hereby agreed that pursuant to, and in conformance with Counsels' contingent fee agreements with their respective Beneficiary clients, executed contemporaneously herewith, an Attorneys' Fee will be paid to Counsel in an amount equal to thirty-three and one third percent (33 and 1/3 %)

of each Counsel's clients' respective share of the gross amount recovered on behalf of the Beneficiaries in the Bond Litigation as a result of any settlement, judgment, levy, execution or otherwise. In the event an appeal is taken by either the defendants or plaintiffs to an appeals court, the Beneficiaries shall pay an additional five percent, for a total of thirty-eight and one third (38 1/3 %) of the gross amount recovered after said appeal.

If settlement is made by structured settlement, the Attorneys' Fees will be computed on the basis of the present value of the structured settlement at the time of the settlement. The expense for determining present cash value is a cost to be borne by the Beneficiaries. The Attorneys' Fees shall be paid out of the initial cash payment.

It is hereby agreed that pursuant to, and in conformance with Counsels' contingent fee agreements with their respective Beneficiary clients, executed contemporaneously herewith, that The Attorneys' Fees to Counsel from the gross recovery shall be divided as follows:

Blish & Cavanagh, LLP – twenty percent (20%);

Keough & Sweeney, Ltd – twenty percent (20%);

Sjoberg & Votta – twenty percent (20%);

Law Offices of Thomas Pearlman – twenty percent (20%); and

Teixeira & Weddell – twenty percent (20%).

It is further agreed that pursuant to, and in conformance with Counsels' contingent fee agreements with their respective Beneficiary clients, executed contemporaneously herewith, the Beneficiaries shall share equally in any and all costs incurred in furtherance of the Beneficiaries' claims in the Bond Litigation against Robert

Gates and Bank of America Corp. as co-executors of the Estate of Magda Burt ("Costs"). These Costs will be advanced in equal shares by Counsel in the same percentage as provided for above with respect to the division of Attorney's Fees. Said Costs shall include, but are not limited to: service fees, deposition fees, expert witness fees, subpoena fees, transcript fees, and copying costs. .

It is further agreed that pursuant to, and in conformance with Counsels' contingent fee agreements with their respective Beneficiary clients, executed contemporaneously herewith, the residual recovery, after payment of Attorneys' Fees and Costs, shall be distributed to the Beneficiaries equally with each Beneficiary receiving a one-tenth (1/10) share of the residuary recovery.

9. ***Settlement.*** Counsel acknowledge that, based on representations from Robert Gates' legal counsel, there is a limited amount of insurance covering Robert Gates for any acts of negligence he may have committed in his role as co-executor of the Estate of Magda Burt. Said insurance is provided through a "draw down" policy, under which the amount of insurance coverage available is diminished and drawn down by attorney's fees incurred on Gate's behalf in defending legal actions against him. Accordingly, it is agreed that it is to the mutual benefit of the Beneficiaries that settlement efforts be made as soon as possible with counsel for Robert Gates.

If there is a settlement with Gates prior to a final settlement or adjudication of the Bond Litigation it is agreed that any such proceeds from the settlement of the claims asserted against Robert Gates shall be shared equally and in accordance with paragraph 8 of this Agreement. However, it is further agreed that pursuant to, and in

conformance with Counsels' contingent fee agreements with their respective Beneficiary clients, executed contemporaneously herewith, each Beneficiary also agrees to contribute a portion of his or her settlement proceeds, in the amount of Five Thousand Dollars ($5,000.00) each, to an interest bearing escrow account which shall be used to pay the Costs associated with the Bond Litigation. It is further agreed that Attorney Mark Sjoberg of Sjoberg & Votta shall be designated as the escrow agent and treasurer of said escrow account, who shall render accountings of such account on a regular basis to Counsel. Any funds not expended during the Bond Litigation shall be distributed equally to the Beneficiaries at the conclusion of the Bond Litigation.

Counsel also agrees that it is to the mutual benefit of the Beneficiaries that settlement efforts be made as soon as possible. In furtherance of such goal, Counsel agrees that, whenever practicable, they will negotiate together, using a united position in an effort to negotiate a settlement with Bank of America Corp. and Gates.

10. ***Waiver of Possible Conflicts.*** Counsel understand and the Beneficiaries have been advised and acknowledge that, in the event any Beneficiary may have or may in the future develop an interest which is adverse to any or all other Beneficiaries' collective or individual interest(s), a real, apparent, or possible conflict of interest may arise. Defenses or claims might be available to one Beneficiary that are not available to others. Being fully aware of these and other areas of potential conflicts, the Beneficiaries and Counsel hereby agree to waive said conflicts.

11. ***Right to Terminate Participation; Termination is Prospective Only.*** Any Beneficiary may withdraw from the Bond Litigation upon Counsel for said beneficiary tendering prior written notice to all Counsel. In such instance, this Agreement shall no longer be operative as to the withdrawing Beneficiary, but Counsel for the withdrawing beneficiary shall continue to protect all Materials disclosed to the withdrawing Beneficiary prior to the Beneficiary's notification of withdrawal. Upon demand, a withdrawing Beneficiary shall either destroy all Materials and all copies and summaries thereof or return all Materials and all copies and summaries thereof to the Beneficiary or Counsel from whom the Materials were received. Withdrawal of a Beneficiary participating by Counsel under this Agreement shall not operate as a waiver or authorize violation of this Agreement. Counsel for a withdrawing Beneficiary remains bound to maintain the confidentiality of information received under this Agreement.

Further, and pursuant to, and in conformance with Counsels' contingent fee agreements with their respective Beneficiary clients, executed contemporaneously herewith, the withdrawing Beneficiary agrees to remain liable for its 1/10 share of Costs incurred to the date of withdrawal.

12. ***No Claim of Conflicts by Remaining Counsel.*** Any Beneficiary who, through Counsel, withdraws from this Agreement shall not claim or assert that Counsel representing other Beneficiaries have a conflict of interest in their continued representation of said other Beneficiaries, nor shall any such Beneficiary object to the continued representation of said other Beneficiaries by their respective Counsel in connection with the Bond Litigation and/or any other claims the Beneficiaries may have

against Robert Gates and/or Bank of America Corp. as co-executors of the Estate of Magda Burt. Nothing contained in this Agreement shall be used by any Beneficiary as a basis for seeking to disqualify any Counsel from representing a Beneficiary in connection with the Bond Litigation and/or any other claims the Beneficiaries may have against Robert Gates and/or Bank of America Corp. as co-executors of the Estate of Magda Burt.

13. ***Agreement Fully Explained, Authorized and Consented To.*** In executing this Agreement, Counsel certifies that each of their Beneficiary clients has reviewed this Agreement, and that Counsel has been authorized by their respective clients to enter into this Agreement to and to abide by this Agreement .

14. ***Substitution of Parties or Counsel.*** This Agreement shall automatically apply to substitute or associated Counsel who may appear on behalf of any Beneficiary. This Agreement shall not be subject to abrogation by any heir, assign, or other successor-in-interest to any Beneficiary hereto. Nor shall such heir, assign, or successor-in-interest waive any privilege or doctrine with regard to Materials shared by or among the parties to this Agreement.

15. ***Applicable Law; Dispute Resolution.*** This Agreement shall be construed in accordance with and governed by the laws of the State of Rhode Island. If a dispute arises from or relates to this Agreement or the breach thereof and if the dispute cannot be settled through direct discussions, Counsel agrees that any controversy or claim arising from or relating to this Agreement or breach thereof shall be settled through arbitration. Arbitration shall be conducted before a mutually agreed

upon arbitrator. If Counsel cannot mutually agree to a single arbitrator, arbitration shall be conducted by a panel of three arbitrators, each of whom shall be attorneys practicing law within the State of Rhode Island for at least 10 years. Counsel requesting the arbitration shall select one arbitrator and the remaining Counsel shall select a second arbitrator. The final arbitrator shall be selected by the arbitrators.

We have read and understood the foregoing terms and agree to them this _____ day of ______________________, 2006.

Counsel:

______________________________
Blish & Cavanagh, LLP
By Karen Pelczarski

______________________________
Keough & Sweeney, Ltd.
By Joseph A. Keough Jr.

______________________________
Sjoberg & Votta
By Mark Sjoberg

______________________________
Law Offices of Thomas Pearlman
By Thomas Pearlman

______________________________
Teixeira & Weddell
By Russell R. Weddell