**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| BANK OF AMERICA, N.A., JUDITH A. LAWTON, JANICE LEFFINGWELL, JOAN GRANT, AND JOHN KIEPLER, AS EXECUTOR OF THE ESTATE BEVERLY KIEPLER<br>Plaintiffs | **C.A. No. 06-394-S-LDA** |
| v. | |
| ROLAND W. BURT, Jr.<br>Defendant | |

**<u>OBJECTION TO REPORT AND RECOMMENDATION</u>**

Now comes the defendant , Roland W. Burt Jr., a citizen of the State of Rhode Island and one of the beneficiaries of the Estate of Magda L. Burt in conformance to Fed. R. Civ. P. 72(b) LRCv72 objects to the March 14, 2007 Report and Recommendation of United States Magistrate Judge Lincoln D. Almond.

(As all matters have been presented to the court in the past, there are no attachments or exhibits to this objection.)

Defendant disagrees that this <u>six month old case</u> of the Federal District Court could invoke images of Dickens' Bleak House <u>an endless litigation</u>. Defendant does not believe there is a place in the law for such fictional

ORIGINAL

examples, however, in that regard it has been documented with the court several times that defendant has only one case. Rhode Island Superior Court Case C.A. No. PC 02-2243 and case 87-310 a probate matter of the City of Warwick in comparison to the many, many cases brought or pending by the plaintiffs. In fact the example given in Judge Almonds' background Lawton vs. Bank of America C.A. No 05-503S is a plaintiffs case.

## STANDARD OF REVIEW

Standard of review is well defined in Judge Almonds report (page 2 - 5), however, there are the genuine issues as to the material facts which have produced evidence that has the capacity to sway the outcome of a jury.

1. $1,000,000 aggregate (possibly more ) settlement exists in an open matter in the Rhode Island Superior court, an insurance claim against Robert Gates E&O policy. His E&O carrier has also been put on notice of a second claim for not entering into good faith negotiation.

2. The (contract) litigation agreement, Exhibit A, (previously submitted to the Court) for Determination for Summary Judgment which would require defendant to drop his Rhode Island Superior Court cases, against Bank of America, Attorney Robert Gates, executives of the estate of

Magda L. Burt, Nyman Mfg. Co., Robert Nyman, Kenneth Nyman, and Keith Johnson, as stated to the court still an open matter to this day before the probate court of the City of Warwick, indemnify all counsels and co-residual beneficiaries of any conflict or misdoing against other residual beneficiaries or other counsels and pay 10 % of all costs of group from the time they started (see contract Exhibit A) previously reported and presented to the court. In reference to defendants argument the litigation agreement which generated the consent order was a contract involving the defendant, all the Lawyers involved, Bank of America NS and Nyman Mfg. Co.. Mr. Snows' argument at hearing was that this rule was more for business dealings and not matters of this type. Defendant calls to the courts attention that Mr. Snow represents the Bank of America, a business, and Nyman Mfg. is also a business and that this agreement is a business transaction.

3. Defendant also brings to the attention of the court that Attorney Thomas Pearlman, when bringing to the attention of his clients first that there was an insurance settlement offered and secondary that there was a plan to go forward in another direction in the Federal Court with the proceeds, the rules of the Supreme Court of the State of Rhode Island

require him to present it just the way he did. Requiring written consent. See Lisi vs. .Pearlman 641 A 2d 81, 84 (R.I. 1994) page 9 of Judge Almonds' report and recommendations. The record of these cases defendant believes will show they were a family matter not business, documenting that Lisi vs. Pearlman applies to all cases. Also, in the past defendant has brought to the attention of the court numerous times that there is no lawyer/client retainer agreement existing between defendant and Thomas W. Pearlman at all.

4. Defendants Statement of Undisputed Facts LrCv56 was presented to the clerk of court. Along with his Memorandum of law and reply.

5. The Federal District Court is aware that the defendant has communicated several times in reference to Judge Smiths order Fed. R. Civ. P. 26 (f). In reference to ADR and Judge Smiths order to do so and within the proper time period the defendant called the ADR Administrators office to arrange settlement under section 5. After some discussion of non contact by plaintiffs they put the defendant on a telephone conference call with Attorney Steven Snow. He told the defendant the bank refused to arrange settlement. The defendant discussed his generous offer in open court with Judge Smith, in reference to how it would affect defendants sister and co-

beneficiaries. Judge Smith instructed defendant (not) to speak to his sister. Defendant now sees the conflict in the ADR system. As this complaint in the federal court is not about money, yet has everything to do with the defendants insurance claims against Robert Gates insurance company and defendants sister is actually a plaintiff in this case, monetary settlement in this court through ADR is not an option in defendants opinion. Yet, this procedural effort in the Federal Court, not within the ten year time frame, is all about money. The defendant also has concern that magistrates hearing he just went through is actually a part of the ADR system. As the defendants contact with ADR was timely his second choice under Fed. R. Civ. P. 26 (f) would have been arbitration. At this time the defendant believes Judge Almond stated in court that this case would be sent back to the district court for further disposition. If the defendant misunderstood

Judge Almond, at this time the defendant, also a plaintiff in one of the summary judgments, requests that as provided this matter be returned to the Federal District Court, dismissed or allowed to continue in the Superior Court of Rhode Island where settlement is tentatively reached.

Respectfully Requested,
Roland W. Burt, Jr.
*Pro se*

Roland W. Burt, Jr.
24 Lester Street
Rumford, R.I. 02916
(401) 435-3436

# CERTIFICATION

I hereby certify that on March 23, 2007, I mailed a copy of the within Ojection to Report and Memorandum, by First Class mail to:

Steven E. Snow, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, R.I. 02903

Karen A. Pelczarski, Esq.
Staci L. Kolb, Esq.
Blish & Cavanagh LLP
Commerce Center
30 Exchange Terrace
Providence, R.I. 02903

Joseph A. Keough, Jr., Esq.
Keough & Sweeny, Ltd.
100 Armistice Boulevard
Pawtucket, R.I. 02860

Mark A. Sjoberg, Esq.
Sjoberg & Votta Law Offices
200 Centerville Road, Suite 4
Warwick, R.I. 02886

Roland W. Burt, Jr., *Pro se*